James KARATH, Appellant,

v.

Arthur GENERALIS, Appellee.

No. 5625.

District of Columbia Court of Appeals.

Argued April 19, 1971.

Decided May 28, 1971.

Louis Ginberg, Washington, D. C., with whom Samuel Levine, Washington, D. C., was on the brief, for appellant.

Arthur Generalis, pro se.

Before KELLY, FICKLING and REILLY, Associate Judges.

REILLY, Associate Judge:

Appellant is the business manager and secretary-treasurer of Waiters Union 781, a local of the Hotel and Restaurant Employees and Bartenders International Union, which has a collective bargaining agreement (or agreements) with a number of Washington hotels. A judgment in the amount of $44.90 was rendered against him in the Small Claims Branch in an action brought by a member of the local, based on testimony of plaintiff-appellee that he would have earned this amount had not appellant in his capacity as union business agent deprived him of a job at the Mayflower Hotel as an extra banquet waiter. At the trial, appellant attempted unsuccessfully to justify his action on the ground that under the union rules relating to the dispatching of extra waiters, he had properly penalized the claimant "one button" for engaging in a disturbance. This penalty meant that the latter was ineligible to work the next day at the scheduled function.

Neither party was represented by counsel at the trial and the judge who heard the case made no findings or statement of reasons for the judgment entered. Within a few days, however, an application for allowance of appeal was drawn and filed by experienced labor counsel for the union business agent.

A losing party in a small claims action is not entitled to appeal as a matter of right, D.C.Code 1967, § 11–721(c) (Supp. IV, 1971). This court usually grants appeals in such cases, however, where appellant states grounds showing apparent error or a question of law, which has not been but should be decided by this court.[1]

In this instance, appellant advanced several reasons for appellate review, two of which presented substantial legal questions: (1) that the claim having been considered and rejected not only by the union, but by the National Labor Relations Board, should have been deemed res judicata; and (2) the latter agency being vested with exclusive jurisdiction over internal union activities, the court below lacked jurisdiction.

Attached to the appeal papers as exhibits were, *inter alia,* (a) findings of the trial committee of the local union, dated February 28, 1970, upholding the penalty imposed; (b) the union rules on the operation of the "extra board"; (c) a letter from the president of the international union, dated January 23, 1970, advising claimant to have his grievance resolved on the local level, referring him to the union constitution; and (d) a letter from a regional director of the National Labor Relations Board, dated February 27, 1970, telling claimant that he was refusing to issue a complaint with respect to his charges against the union, and notifying him of his right to appeal such refusal to the General Counsel.

Thus when the application for allowance of appeal was considered—the trial record not having been certified—this court might well have inferred that serious questions of federal preemption or of exhaustion of internal remedies under national labor law were present. Unfortunately the record, including the transcript of testimony, now discloses that such questions were not raised in the proceedings below, and that none of the documents annexed to the appeal papers, with the exception of the extra board rules, was introduced at the trial, although available to appellant at the time.

Despite these deficiencies in the record, appellant now urges that this court should view the case as not merely a tort action against an individual, but rather as a dispute between an employee and a union, drawing into issue the validity of action based on the regulations of the labor organization and, so viewed, we should hold that the court below lacked jurisdiction to entertain the action as plaintiff's remedy, if any, was within the exclusive domain of the National Labor Relations Board under

---

1. American Storage Co. v. Briggs, D.C.Mun.App., 56 A.2d 557 (1948).

Title I of the Labor-Management Relations Act, 29 U.S.C. §§ 144–188 (1947).

■ In short, appellant seems to be invoking the familiar principle that although not raised in the trial court, lack of jurisdiction can be noticed at any time by an appellate tribunal either on the request of the party or on its own motion. The latest pronouncements of the Supreme Court, however, have made it clear that even if we adopt appellant's view of the underlying nature of the controversy, the trial court was vested with jurisdiction to hear and decide the matter. *Compare* International Association of Machinists v. Gonzales, 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018 (1958) with Garner v. Teamsters, C. & H. Local Union, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228 (1953) and Guss v. Utah Labor Relations Board, 353 U.S. 1, 77 S. Ct. 598, 1 L.Ed.2d 601 (1957).

Basic to appellant's position is the premise that the controversy between the parties could have been adjudicated under the National Labor Relations Act. Appellant does not describe the administrative remedy open to appellee, although it does appear that some of the "extra board" rules impinge upon those provisions of the federal statute prohibiting closed shop arrangements and preferential union hiring, particularly the rule limiting the services of the Board to union members in good standing.[2] Thus it is possible that if a formal complaint[3] had issued, the Board might have found both the union and the hotel guilty of unfair labor practices and required the payment of back wages.

■ But the mere availability of a possible remedy under the National Labor Relations Act does not deprive state courts of jurisdiction to entertain suits against labor organizations brought by union members aggrieved by asserted violations of rights enumerated in a union constitution or by-laws. International Association of Machinists v. Gonzales, 356 U.S. 617, 621, 78 S.Ct. 923, 2 L.Ed.2d 1018 (1958). Prior to the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 411 et seq., the protection of union members in their rights as members from arbitrary conduct of unions and union officers had not been undertaken by federal law. See N. L. R. B. v. Allis-Chalmers Manufacturing Co., 388 U.S. 175 at 193–194, 87 S.Ct. 2001, 18 L.Ed.2d 1123 (1967).

■ Prior to the 1959 enactment, the United States Court of Appeals for this circuit had held that local courts possessed jurisdiction to entertain such actions by union members, Friedman v. International Association of Machinists, 95 U.S.App.D.C. 128, 220 F.2d 808 (1955), but could not remedy the union action complained of unless " * * * inconsistent with fundamental fairness, or * * * reached in violation of the organization's own rules, or otherwise constitutes 'illegal action.' " International Association of Machinists v.

2. An agreement making employers resort to union hiring halls as the source of employment has been held not to transgress the Act, provided the hiring hall treated union and non-union applicants alike, Local 357, Int'l Bhd. of Teamsters v. N.L.R.B., 365 U.S. 667, 675, 81 S.Ct. 835, 6 L.Ed.2d 11 (1961). *See also* N.L.R.B. v. Allis-Chalmers Mfg. Co., 388 U.S. 175, 195, 87 S.Ct. 2001, 18 L.Ed.2d 1123 (1967), where the right of labor organizations to impose fines was upheld by the Supreme Court only on the narow ground that such fines did not impair the employment status of the members fined.

3. Such a complaint can be issued under the regulations of the Board only by the General Counsel or one of his regional directors. Obviously a refusal to issue a complaint is not res judicata, for the Board then never has an opportunity to adjudicate the issue. In briefs and oral argument, appellant abandoned this contention, originally advanced in the petition for allowance of appeal. Now the argument is that appellee failed to exhaust his administrative remedy by not appealing to the General Counsel. For reasons stated in the body of this opinion, however, this is immaterial, as appellee's cause of action in the court below did not depend upon any resort to the Labor Board.

Friedman, 102 U.S.App.D.C. 282, 285, 252 F.2d 846, 849 (1958). Passage of the 1959 Act did not impair the jurisdiction of the court below to entertain such suits, for Section 103 of that Act, 29 U.S.C. § 413, provided

> Nothing contained in this subchapter shall limit the rights and remedies of any member of a labor organization under any State or Federal law or before any court or other tribunal * * *.

Appellant makes the further contention that, wholly aside from the jurisdictional issue, the trial court erred in refusing to give effect to the union rules, i. e., the "extra board" regulations, authorizing the very penalty imposed on plaintiff in the event a member was guilty of "causing a disturbance or fight during roll call".[4]

█ As the validity of this rule was not challenged by either party at the hearing, however, we have no reason to believe the court disregarded it. Under the doctrine of Securities and Exchange Commission v. Chenery Corporation, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943), it is not necessary for a trial court to make findings, and if the record discloses some valid ground for supporting its judgment, it should not be disturbed on appeal. Our review of the record impels the conclusion that the trial judge on the evidence before him could have determined that, assuming the rule was proper, proof of appellee's violation of the rule was lacking.

Appellant was the only witness to mention this incident, and his entire testimony on the point is as follows:

> THE COURT: Let's go to 26. Did the plaintiff cause any disturbance or fight during the roll call?

> MR. KARATH: Not fight.

THE COURT: Disturbance?

MR. KARATH: Yes, it was.

THE COURT: What type?

MR. KARATH: Wanted to make a speech, while he wanted to make a speech —wanted to talk and it was actually 3:00 o'clock exactly when we started the roll and at that time I begged with him, Your Honor. I asked him to be quiet because we have roll call of 75 to 120 men and that is when I opened the book and said "You lost a job" and I was following the rules of the Union.

█ Plainly "wanting to make a speech" disruptive of a roll call is not the same thing as making one. Accordingly, although it might have been within the province of the trial judge to have found otherwise, we cannot say that on this evidence, the trial judge erred in deeming the conduct described as falling short of "causing a disturbance". So looked upon, the action taken "was in violation of the organization's own rules"[5] and appellee was entitled to recover the monetary loss incurred thereby.

█ It is also contended that appellee should have exhausted his remedies under the internal procedures of the union before going to court. While we accept this principle, it seems to have no application here, for the documents attached to appellant's own papers indicate that he did follow the international union president's advice (Appellant's Exhibit 4), but that the local union found against him (Appellant's Exhibit 1). This happened several months before trial, and there is nothing in the record to show that appellee had any further recourse thereafter. Moreover, this point was never brought up at the trial.

Affirmed.

---

4. Rule 26—Extra Board Rules, Appellant's Exhibit 2. On appeal, appellee did argue that this rule was in conflict with a provision in the union constitution prohibiting disciplinary penalties unless the offending member was served with written notice and given an opportunity for hearing. As this objection was not made in the trial court, we disregard it.

5. International Ass'n of Machinists v. Friedman, 102 U.S.App.D.C. 282, 285, 252 F.2d 846, 849 (1958).