**Sharon A. FRANCIS, Plaintiff,**

v.

**UNITED TECHNOLOGIES CORPORATION et al., Defendants.**

**No. C 77–1504 CFP.**

United States District Court,
N. D. California.

Sept. 19, 1978.

Baker & Gifford, Campbell, Cal., for plaintiff.

Pettit & Martin, San Francisco, Cal., Cox, Castle & Nicholson, Los Angeles, Cal., for defendants.

## OPINION AND ORDER GRANTING SUMMARY JUDGMENT

POOLE, District Judge.

This is an action by a non-employee spouse which seeks, as part of a marriage dissolution, her alleged community property interest in her husband's retirement plan. That plan was established by her husband's employer, United Technologies, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). The defendants are United Technologies (UTC), Connecticut General Life Insurance Co., the administrator of UTC's retirement plan, and Citibank of New York, the trustee of the retirement plan. The case was originally filed in Santa Clara Superior Court on June 1, 1977, and was removed here on July 12, 1977. This Court's jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332. Defendants have moved for summary judgment. For the reasons set forth below, the Court concludes that defendant's motion should be granted.

Defendants assert that no state cause of action can be brought against them because ERISA has totally preempted state laws in this area. Therefore, it is argued, plaintiff must show that ERISA provides her with a cause of action. Defendants assert that under ERISA a non-employee spouse may not bring an action against a retirement plan unless that spouse is a designated beneficiary of the plan. Plaintiff is not a designated beneficiary of her husband's plan. Furthermore, the Court is concerned that the husband is an indispensable party to this action. The husband cannot be joined in this action because to do so would destroy diversity and thereby divest this Court of jurisdiction. See Rule 19(b). These issues will be discussed in turn.

## ERISA SPECIFICALLY PREEMPTS STATE LAW

▪ In passing ERISA, Congress specifically intended to preempt all inconsistent state laws:

" * * * [T]he provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title * * *." 29 U.S.C. § 1144.

This language was intended to effect the broadest possible preemption of state law. The inclusion of all state laws which "relate to" any ERISA plan was an attempt to make this preemption cover laws which were not specifically directed at this subject area, but which still affected it. In *Hewlett-Packard Co. v. Barnes*, 425 F.Supp. 1294 (N.D.Cal.1977), our colleague, Judge Renfrew, carefully analyzed the legislative history of this section, noting that originally the language was more limited in scope, but that:

"Statements made in the House and Senate debates * * * demonstrate that Congress both comprehended the change and intended the statute to occupy the entire field of employee benefit plan regulation." *Id.* at 1299.

The Court concludes that ERISA's preemption in the " * * * area of pensions and other employee benefit programs is virtually total." *Bell v. Employee Security Benefit Ass'n*, 437 F.Supp. 382, 387 (D.Kan.1977).

More specifically, ERISA provides that: "Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1).

The effect of California's community property law would be to alienate one-half of benefits, in clear violation of this section of the Act. To that extent the community property laws are preempted.

Not all Courts agree on this point. Most recently Judge Renfrew has held that ERISA does not preempt California's community property laws, *Stone v. Stone*, 450 F.Supp. 919 (N.D.Cal.1978). The plaintiff in that case, also a non-employee spouse, sued her husband's retirement plan for a community property share of the benefits. Although recognizing that a non-employee spouse has no independent cause of action against a retirement plan, the Court concluded that while section 1056(d)(1) forbids assignment or alienation of plan *benefits*, this does not apply to the employee spouse's cause of action, authorized by ERISA, 29 U.S.C. § 1132(a)(1), and therefore that cause of action can be "involuntarily assigned" to the non-employee spouse by operation of the California community property law. In Judge Renfrew's view, this involuntary assignment should not be held to be preempted by ERISA because the policy behind the community property laws should not be thwarted without clear indication of Congress's intention to preempt state community property laws.

This Court does not agree with that analysis of Congressional intent in regard to the preemptive effect of ERISA. With the exception of a participant's *voluntary* designation of a beneficiary (which designation has not been made), ERISA prohibits any and all assignments or alienations of benefits. No exception is made for community property laws. The concept of an "involuntary" assignment is irreconcilable with the express prohibitions of section 1056(d)(1) of the statute. Such an impact of ERISA's most total preemption upon California community property laws is not novel. In an analogous situation, the United States Supreme Court has held that California's community property laws are preempted by the broad national statutory scheme of the National Service Life Insurance Act which act allowed the insured to designate the beneficiary of all of the policy's benefits, thus defeating a spouse's community property interest in the policy. In *Wissner v. Wissner*, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950), the Court held that the act thereby preempted the operation of California's community property laws.

Therefore, the Court concludes that ERISA has preempted the operation of so much of California's community property laws as purport to give a non-employee spouse an interest in the plan benefits.

## NO CAUSE OF ACTION UNDER ERISA

■ Since ERISA has preempted this area of the law, plaintiff must find some authorization for bringing this action within ERISA itself.

ERISA specifically limits those persons who may bring an action against a plan: "A civil action may be brought—

(1) by a participant or beneficiary—
    (A) for the relief provided for in subsection (c) of this section, or
    (B) to recover benefits due to him under the terms of this plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

\*    \*    \*    \*    \*    \*

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a).

These are the only sections that are relevant to this action. It is not contended that plaintiff is a participant or a fiduciary. The only category that plaintiff could even arguably fit in is that of beneficiary. But, the definitional section defines beneficiary as:

"\*  \*  \* a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

Plaintiff has not been so designated by her husband or the plan. Therefore, plaintiff may not bring an action under this section. With ERISA having preempted inconsistent state law, section 1002(8) provides the exclusive remedy, and such remedy is not available at all to plaintiff. Furthermore, ERISA provides that state and federal courts shall have concurrent jurisdiction over the section 1132(a)(1)(B) causes of action listed above, but the *only* other authorized actions— "brought by the Secretary or by a participant, beneficiary, or fiduciary" [§ 1132(e)(1)]—is exclusively vested in district courts. No court has jurisdiction to entertain other claims. This is the conclu-

sion reached by the court in *Kerbow v. Kerbow*, 421 F.Supp. 1253 (N.D.Tex.1976) where the court held that it did not have jurisdiction to hear an action brought by a spouse to determine her claim of an interest in her husband's retirement plan based on Texas community property law. The court held that the jurisdiction given in 29 U.S.C. § 1132(e)(1) did not extend to spouses, and that the Texas community property law did not operate to make the spouse a beneficiary. Finding no jurisdiction, the court dismissed all the 29 U.S.C. § 1132 claims and remanded the case (it had been removed to federal court) to state court. However, the court noted that: "These dismissals of all claims based on 29 U.S.C. § 1132(a)(1)(B) are substantive determinations and will operate as *res judicata* on any similar claims in state court." *Id.* at 1260. Other courts, relying on somewhat different grounds, have reached the same conclusion. *See, e. g., Leimbach v. J. C. Penny Co., Inc.,* No. C 77–2285 (N.D.Cal.1978).

The Court concludes that ERISA does not supply a right of action against a retirement plan to a non-employee spouse and, therefore, that this Court does not have jurisdiction to hear the present claims.

## FAILURE TO JOIN AN INDISPENSABLE PARTY

The husband was not joined as a defendant in this action, but, it is his plan and part of the intent behind ERISA was to insure that his assets would remain intact. He therefore has an interest in this action. The parties have not raised any issue regarding the husband's absence in this action. However, the Court may *sua sponte* considered this issue. Wright & Miller, *Federal Practice and Procedure,* § 1609 at 89.

Rule 19[1] governs whether the husband should have been joined, as well as what should happen if he cannot be joined.

---

1. "JOINDER OF PERSONS NEEDED FOR JUST ADJUDICATION.

"(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of

jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject

 Jurisdictionally, this case comes before this Court on the basis of the diverse citizenship of the parties. If the husband were joined as a defendant, that diversity would be destroyed. Therefore, Rule 19(a) is inapplicable, for it only applies to persons whose joinder would not deprive the court of jurisdiction; 19(b) applies in these circumstances. The Court must determine whether the husband is an indispensable party whose absence requires that the case be dismissed. Preliminarily, 19(b) requires that the husband fit within 19(a)(1–2). The husband's interest in the plan satisfies this requirement. The remainder of the analysis under 19(b) is fairly easy to apply to this case. The four-part analysis provided for in the rule is directed at insuring that any ruling adverse to the interests of the absent party does not seriously prejudice the absent party. *Id.* at § 1608; *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). In this case the Court is ruling *in favor* of the husband's interest. Therefore, no prejudice to the absent party is present. In this circumstance, justice does not require that the action be dismissed because of the husband's absence.

## CONCLUSION

The Court concludes that ERISA has preempted California's community property laws to the extent they would provide a non-employee spouse with an interest in a retirement plan; that a non-employee spouse has no cause of action against a retirement plan under ERISA; that in this case the absent spouse is not an indispensable party. Therefore, the Court concludes that defendants are entitled to summary judgment.

IT IS HEREBY ORDERED that defendants' motion for summary judgment is granted.

of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

"(b) *Determination by Court Whenever Joinder Not Feasible.* If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or others measures the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."