■ ROBERT E. SMITH, JR., et al., Appellants, v COUNTY OF LIVINGSTON, Respondent, et al., Defendants. (Appeal No. 2.)—Order unanimously affirmed, without costs. Same memorandum as in *Smith v County of Livingston* (69 AD2d 993). (Appeal from order of Monroe Supreme Court—dismiss complaint.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.

■ In the Matter of UAW LEGAL SERVICES PLAN, Petitioner.—Petition granted to extent that plan is approved in accordance with the following memorandum: We find that the UAW—Chrysler Corporation Prepaid Legal Services Plan meets the test of authenticity and that effective disciplinary control may be maintained in accordance with *Matter of Feinstein (Attorney-General of State of N. Y.)* (36 NY2d 199, 205). In approving the plan pursuant to subdivision 5 of section 495 of the Judiciary Law, we hold that the authority of the Appellate Division to approve the plan and to regulate the professional conduct of the lawyers rendering services thereunder has not been pre-empted by the Employee Retirement Income Security Program (ERISA) (US Code, tit 29, § 1001 *et seq.)* as contended by petitioner. The pre-emption provision of ERISA (US Code, tit 29, § 1144, subd a) provides for supersedure of "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan". Section 495 of the Judiciary Law cannot be said to "relate to any employee benefit plan". The purpose and underlying policy considerations of section 495 of the Judiciary Law (as well as the other sections of article 15 of the Judiciary Law) relate not to "the regulation of union prepaid legal services plans, qua plans," but rather to "the professional licensure and regulation of lawyers, qua lawyers" *(Matter of Feinstein [Attorney-General of State of N. Y.], supra,* p 206). We find nothing in ERISA (US Code, tit 29, §§ 1001-1381), including the congressional findings and declaration of policy (US Code, tit 29, § 1001), from which it could be inferred that Congress had any intent to pre-empt the regulation of the professional conduct of lawyers, a field traditionally left to the States. Accordingly, there has been no pre-emption of subdivision 5 of section 495 of the Judiciary Law (see *American Tel. & Tel. Co. v Merry,* 592 F2d 118; *Bucyrus-Erie Co. v Department of Ind., Labor & Human Relations of State of Wis.,* 453 F Supp 75). Present—Dillon, P. J., Cardamone, Simons, Hancock, Jr., and Schnepp, JJ.