## MARTORI BROS. DISTRIBUTORS, et al., Plaintiffs/Appellants/Cross-Appellees,

### v.

## Jyrl JAMES–MASSENGALE, et al., Defendants/Appellees/Cross-Appellants.

### Nos. 84–6137, 84–6274 and 84–6275.

United States Court of Appeals, Ninth Circuit.

June 12, 1986.

Hersh & Stoll, Wayne A. Hersh, Charley M. Stoll, Alan J. Saxe, Newport Beach,

---

Cal., for plaintiffs/appellants/cross-appellees.

Littler, Mendelson, Fastiff & Tichy, A Professional Corp., Robert K. Carrol, Scott A. Wilson, Samuel F. Hoffman, San Francisco, Cal., for Mario Sikhon, Inc.

Daniel G. Stone, Sol. of the Bd., Nancy C. Smith, Cathy Christian, Deputy Sol. Agricultural Labor Relations Bd., Sacramento, Cal., for defendants/appellees/cross-appellants.

Before BARNES and REINHARDT, Circuit Judges, and SOLOMON,* District Judge.

## ORDER

The opinion filed in this case on January 30, 1986, as amended April 1, 1986, 781 F.2d 1349, is further amended as follows:

The paragraph beginning with "We have made it clear ...," 781 F.2d at 1355, and ending with "... refusing to abstain.[12]", at 1356, is deleted and replaced by:

We recognize that the state's interest in the ALRA is substantial. The Act itself explicitly and eloquently sets forth California's interest:

> Sec. 1. In enacting this legislation the people of the State of California seek to ensure peace in the agricultural fields by guaranteeing justice for all agricultural workers and stability in labor relations. This enactment is intended to bring certainty and a sense of fair play to a presently unstable and potentially volatile condition in the state. The Legislature recognizes that no law in itself resolves social injustice and economic dislocations. However, in the belief the people affected desire a resolution to this dispute and will make a sincere effort to work through the procedures established in this legislation, it is the hope of the Legislature that farm laborers, farmers, and all the people of California will be served by the provisions of this Act.

Agricultural Labor Relations Act of 1975, Cal.Stats. 1975, Third Extraordinary Session, c. 1 § 1 at 4013.

The ALRA furthers California's policy of promoting freedom of association, "free from the interference, restraint, or coercion of employers of labor ..." Cal.Lab.Code § 1140.2 (West Supp.1986).

However, we have made it clear that our "unflagging obligation" to exercise federal jurisdiction precludes expansion of the *Younger* doctrine except in extraordinary circumstances. *Miofsky v. Superior Court,* 703 F.2d 332, 338 (9th Cir.1983); *see also Mobil Oil Corp. v. City of Long Beach,* 772 F.2d 534, 542 (9th Cir.1985); *Silberkleit v. Kantrowitz,* 713 F.2d 433, 435 (9th Cir.1983). We have previously declined to extend *Younger's* reach to encompass other concededly important interests. *See Champion International Corp. v. Brown,* 731 F.2d 1406 (9th Cir.1984) (Montana's interest in enforcing age discrimination laws, not a vital state interest in the context of *Younger* abstention doctrine). Although admittedly the state's interest is important it is not qualitatively as vital or central to the state's interest as is its interest in its criminal justice system or the fundamental operation of its court system. We decline to extend *Younger* here, since a contrary holding would diminish the significance of the phrase "extraordinary circumstances" and readily lead to a rule that *Younger* abstention is required any time the state demonstrates a clear interest. We cannot violate our clear obligation to exercise federal jurisdiction. Accordingly, we hold that the district court was correct in refusing to abstain.[12]

---

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.