### ALASKA STATE COUNCIL OF CARPENTERS, Joe Russo, Robert Burby, and Craig Watson, Petitioners,

v.

### UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA, LOCAL 1281 and J.W. Brannon, Respondents.

No. S–935.

Supreme Court of Alaska.

Nov. 7, 1986.

Rehearing Denied Dec. 5, 1986.

Victor J. Van Bourg, Van Bourg, Weinberg, Roger & Rosenfeld, San Francisco, Cal., and Patrick M. Rodey, Aglietti, Pennington & Rodey, Anchorage, for petitioners.

Mark S. Bledsoe and Frederick H. Hahn V, Bledsoe & Schadt, Anchorage, for respondents.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

The issue in this case is whether state law or federal law governs the removal of a trustee from two employee benefit trusts. The Alaska State Council of Carpenters (State Council) is an association of local unions. These unions have established a pension trust fund and a health and welfare trust fund. Under the terms of the trust agreements, the State Council has the power to appoint two trustees to each fund. The State Council elected the plaintiff, J.W. Brannon, and a non-party, Douglas McElroy, to serve as fund trustees beginning in 1982. In 1983, at a special convention of the State Council, Brannon and McElroy were replaced by defendants Robert Burgy and Craig Watson.

Brannon and one of the unions (Local 1281) sued, alleging that the election violated the constitution and bylaws of the State Council. The plaintiffs claim that the constitution and bylaws are enforceable as a contract under state law. They seek a declaration that the election was contrary to the constitution and bylaws of the State Council; an injunction against the State Council preventing it from removing Brannon and McElroy; and an injunction against Burgy and Watson ordering them not to serve as trustees of the funds. The plaintiffs have filed a supplemental com-

plaint which alleges that the State Council also violated its constitution by failing to call a convention in 1984. They seek an order requiring the State Council to hold the convention.

The defendants argue that the trial court lacks subject matter jurisdiction due to federal preemption. The trial court held that it did have jurisdiction. We granted the defendants' petition for review.

## ERISA PREEMPTION

The defendants argue that the Federal Employment Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 (1983) (hereinafter cited as ERISA), preempts state court jurisdiction. ERISA regulates the contents of employee benefit plans. *See generally* 29 U.S.C. §§ 1101–1145 (provisions for the protection of employee benefit rights). Congress passed ERISA because it felt that adequate safeguards did not exist for the rapidly growing number of benefit plans which affect employees and their dependents. 29 U.S.C. § 1001(a). The Act creates requirements for reporting and disclosure, §§ 1021–1031, vesting, §§ 1051–1061, funding, §§ 1081–1086, and imposes fiduciary responsibilities, §§ 1101–1114. Both of the trust funds of which the State Council is a sponsor are employee benefit plans regulated by ERISA.

ERISA states that a participant, beneficiary or fiduciary may bring a civil action to enforce or enjoin an act which violates the substantive provisions of ERISA or the terms of a benefit plan.[1] The Act vests jurisdiction exclusively in the district courts of the United States.[2] ERISA contains an express preemption section which states that:

(a) ... [T]he provisions of this subchapter ... shall *supersede any and all state laws* insofar as they may now or hereafter *relate to* any employee benefit plan....

....

(c) ... For purposes of this section:

(1) The term "State law" includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State....

(2) The term "state" includes a state, any political subdivisions thereof, or any agency or instrumentality of either, which purports to regulate, directly or indirectly, the terms and conditions of employee benefit plans covered by this subchapter.

29 U.S.C. § 1144 (emphasis added).

Federal legislation preempts conflicting state legislation under the supremacy clause of the United States Constitution.[3] *State v. F/V Baranof*, 677 P.2d 1245, 1249 (Alaska), *cert. denied*, 469 U.S. 823, 105 S.Ct. 98, 83 L.Ed.2d 43 (1984). In ERISA, as stated above, preemption is explicit. The question, then, is whether the "relate to" language of section 1144(a) reaches state laws which govern whether an organization has properly selected a trustee for an employee benefit plan.

In *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), the United States Supreme Court held that ERISA preempted a New York law forbidding discrimination in employee benefit plans on the basis of pregnancy. Although ERISA is silent about whether pregnancy discrimination should be permitted or prohibited, *id.* at 91, 103 S.Ct. at 2896, 77 L.Ed.2d at 497, the Court stated:

> Except for actions under subsection (a)(1)(B) [relating to the recovery of benefits] of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.

---

**1.** 29 U.S.C. § 1132(a) provides that a civil action may be brought:

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

**2.** 29 U.S.C. § 1132(e)(1) provides:

**3.** U.S. Const. art. VI, cl. 2.

Congress used the words "relate to" in § 514(a) [29 U.S.C. § 1144(a)] in their broad sense. To interpret § 514(a) to preempt only state laws specifically designed to affect employee benefit plans would be to ignore the remainder of § 514.

. . . .

... Nor, given the legislative history, can § 514(a) be interpreted to preempt only state laws dealing with the subject matters covered by ERISA—reporting, disclosure, fiduciary responsibility, and the like.

*Id.* at 98, 103 S.Ct. at 2900, 77 L.Ed.2d at 501–502. The Court, however, stated that ERISA did not preempt every state law which affected an employee benefit plan:

Some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law "relates to" the plan. Cf. *American Telephone and Telegraph Co. v. Merry,* 592 F.2d 118, 121 (CA2 1979) (state garnishment of a spouse's pension income to enforce alimony and support orders is not pre-empted). The present litigation plainly does not present a borderline question, and we express no views about where it would be appropriate to draw the line.

*Id.* at 100 n. 21, 103 S.Ct. at 2901 n. 21, 77 L.Ed.2d at 503 n. 21.[4]

We conclude that the state laws at issue in the present case affect the employee plans in too tenuous a manner to find that they "relate to" the plans under section 1144(a). State law will determine only the identity of the trustee, not the trustee's fiduciary duties, the plan's benefits, or any other aspect of the plan. In other words, if state law requires the replacement of the current trustees, only the personnel, not the trusts, will change.

This situation contrasts with those cases where courts have held that ERISA preempts state laws. In such cases, the state laws had a substantial impact on the terms of the benefit plans. The state laws either affected the benefits or terms of ERISA plans; created reporting, disclosure, funding, or vesting requirements for ERISA plans; dictated rules for calculating benefits under ERISA plans; or provided remedies for the maladministration of ERISA plans. *Martori Brothers Distributors v. James-Massengale,* 781 F.2d 1349, 1356–57, (citing numerous ERISA preemption cases) *modified on other grounds,* 791 F.2d 799 (9th Cir.1986).

The principle behind those cases is that ERISA preempts state law wherever state law has an impact on the matters regulated by ERISA: disclosure, funding, reporting, vesting, and enforcement. *Martori Brothers Distributors,* 781 F.2d at 1358. To be sure, the United States Supreme Court has said that ERISA preempts more than just "state laws dealing with the subject matters covered by ERISA." *Shaw,* 463 U.S. at 98, 103 S.Ct. at 2900, 77 L.Ed.2d at 501–502. But a distinction exists between laws which have an "impact" on areas covered by ERISA and those which "deal" with those areas as the Court used the term. The Court's point was that ERISA preempted more than just those state laws which were "specifically designed to affect employee benefit plans." *See id.* at 96, 103 S.Ct. at 2899, 77 L.Ed.2d at 501. ERISA also preempts state laws which intrude only indirectly on employee benefit plans. *Alessi v. Raybestos-Manhattan, Inc.,* 451 U.S. 504, 525, 101 S.Ct. 1895, 1907, 68 L.Ed.2d 402, 418 (1981). But, where state laws do not affect the disclosure, funding, reporting, vesting, and enforcement provi-

---

**4.** The reference by the Court in *Shaw* to the garnishment case, *American Telephone and Telegraph Co. v. Merry,* is of interest because ERISA prohibits the assignment or alienation of pension plan benefits, 29 U.S.C. § 1056(d)(1), and some courts had concluded that the literal language of ERISA preempted the enforced collection of proceeds from pension funds to meet

state domestic relations obligations, *e.g., Francis Ias v. United Technologies Corp.,* 458 F.Supp. 84 (N.D.Cal.1978); *General Motors Corp. v. Townsend,* 468 F.Supp. 466 (E.D.Mich.1976); *contra, e.g., Operating Engineers' Local No. 428 Pension Trust Fund v. Zamborsky,* 650 F.2d 196 (9th Cir.1981); *Cody v. Riecker,* 594 F.2d 314 (2d Cir.1979).

sions of ERISA, it is hard to conclude that they intrude on ERISA plans.

Although two courts have concluded that ERISA, not state law, governs the removal of trustees, each case required an interpretation of the duties created by ERISA—clearly a federal matter. In *Authier v. Ginsberg*, 757 F.2d 796 (6th Cir.) *cert. denied*, —— U.S. ——, 106 S.Ct. 208, 88 L.Ed.2d 177 (1985), an administrator of a pension plan was fired, allegedly for fulfilling his duties under ERISA. He sued under the common law of Michigan for wrongful discharge. The court held that ERISA preempted the action because the basis of the suit was an ERISA violation and ERISA itself contains broad provisions for its enforcement. *Id.* at 800–801. Likewise, in *Goldberg v. Caplan*, 277 Pa.Super. 47, 419 A.2d 653 (1980), the court dismissed a petition in state court to remove trustees for violating their fiduciary duties. The court held that ERISA preempted the action because ERISA specifically authorized suits to remove ERISA fiduciaries for breach of their obligations. *Id.* at 656–57. In the case before us, only the bylaws and constitution of the State Council are at issue, not the fiduciary duties created by ERISA.[5]

The second reason why we think that ERISA does not require preemption is that the state law at issue—contract law and the law governing the functioning of organizations—is traditionally a field left to the states. As the United States Supreme Court stated in *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, ——, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728, 740 (1985): "We ... must presume that Congress did not intend to pre-empt areas of traditional state regulation." For exam-ple, ERISA does not preempt state marital and family support laws, Note, *Preemption of State Laws Relating to Employee Benefit Plans: An Analysis of ERISA Section 514*, 62 Tex.L.Rev. 1313, 1320 (1984), or the regulation of lawyers, *In the Matter of U.A.W. Legal Services Plan*, 69 A.D.2d 995, 416 N.Y.S.2d 133, 134 (N.Y. App.Div.1979). Nor, presumably, would it preempt such traditional areas as zoning, health, and safety laws. *Cf. Lane v. Goren*, 743 F.2d 1337 (9th Cir.1984). To be sure, applying the label "traditional state field" to an area of law is not dispositive. But when one considers that no ERISA provision governs violations of the internal operating procedures of the organizations which select the trustees, it is doubtful that Congress intended to supplant this area of state concern.

Finally, as noted by the Second Circuit Court of Appeals in *Rebaldo v. Cuomo*, 749 F.2d 133, 138 (2d Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 2702, 86 L.Ed.2d 718 (1985), ERISA does not require the creation of a "fully insulated legal world" for employee benefit plans. If the organizations which appoint ERISA trustees are not subject to state law on matters not covered by ERISA, they are, for the most part, not subject to any law at all. This would mean that the articles of an organization, or the contracts which the organization has made, pertaining to the appointment or removal of trustees, would be legally unenforceable. Such a result seems unlikely to have been intended by Congress.

In conclusion, Congress's desire to preempt state law does not always require preemption where the disputed state law does not conflict with ERISA or prevent

---

5. In *Blackmar v. Lichtenstein*, 603 F.2d 1306 (8th Cir.1979), the sponsor of a benefit plan fired the trustee. The trustee contended that he was removed in retaliation for his lawsuit (as a representative of the trust) against the sponsor. The trustee argued that the removal violated the sponsor's fiduciary duties under ERISA. The court concluded that the trustee could be removed anyhow, stating that: "While ERISA does modify the common law to a certain extent, there is no provision which takes the pow-er of appointment away from the administrator where such power has been validly placed in his hands." *Id.* at 1309. The preemption issue, however, was not present. The court did not say that common, i.e., state, law governed the appointment of trustees. It stated only that (1) under the common law, the trust documents control trustee appointment, and (2) ERISA adopted the common law rule. The court did not indicate whether the interpretation of the trust documents was a federal or state law issue.

the accomplishment of the purposes behind ERISA. *Ellis National Bank of Jacksonville v. Irving Trust Co.*, 786 F.2d 466, 469 (2d Cir.1986). Here, no conflict exists because ERISA contains no provisions which govern trustee selection. Nor does state organizational law frustrate ERISA's main objective: to ensure that workers will receive their promised benefits if they fulfill the conditions for obtaining those benefits, *see Alessi*, 451 U.S. at 510, 101 S.Ct. at 1899, 68 L.Ed.2d at 408. In this case, we have a matter with only a tangential relation to the ERISA scheme. We therefore conclude that ERISA does not preempt this action.

### LABOR ACT PREEMPTION

The defendants also argue that the superior court lacked jurisdiction because the respondents' claim is actually one which is governed exclusively by section 411(a)(1) of the Labor Management Reporting and Disclosure Act, 29 U.S.C. §§ 401–531. Section 411(a)(1) addresses voting procedures within labor organizations.[6]

 We disagree that the Act preempts state remedies. Section 413 of the Act expressly preserves state remedies: "Nothing contained in this subchapter shall limit the rights and remedies of any member of a labor organization under any state or federal law or before any court or other tribunal, or under the constitution and bylaws of any labor organization." Courts[7] and commentators[8] agree that this section

allows plaintiffs to choose between federal and state remedies.

In conclusion, neither ERISA nor the Labor-Management Reporting and Disclosure Act preclude state court jurisdiction in this case. The trial court's decision is AFFIRMED.

RABINOWITZ, Chief Justice, with whom, COMPTON, Justice, joins dissenting.

I would hold that plaintiffs' state law claims are preempted by ERISA.

ERISA states that an employee benefit plan must operate in accordance with the terms of a written instrument, including the terms which govern trustee selection:

(1) *Every employee benefit plan shall be established and maintained pursuant to a written instrument.* Such instrument shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan.

(2) For purposes of this subchapter, the term "named fiduciary" means a fiduciary who is named in the plan instrument, or who, *pursuant to a procedure specified in the plan,* is identified as a fiduciary (A) by a person who is an employer or employee organization with respect to the plan or (B) *by such an employer and*

---

6. It provides that:
 (a)(1) Equal Rights
 Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.
 29 U.S.C. § 411(a)(1).

7. *See, e.g., Machinists v. King*, 335 F.2d 340, 347 (9th Cir.) (state and federal rights are cumulative), *cert. denied*, 379 U.S. 920, 85 S.Ct. 274, 13 L.Ed.2d 334 (1964); *Layne v. Int'l Brotherhood of Electrical Workers Local 382*, 271 S.C. 346, 247 S.E.2d 346, 350 (1978) (federal regulation in

this area was not intended to be complete or exclusive); *Karath v. Generalis*, 277 A.2d 650, 652–53 (D.C.Ct.App.1971) (state courts have jurisdiction over suit by union member against union officer for wrongful conduct); *Ferger v. Local 483, Int'l Ass. of Bridge, Structural and Ornamental Ironworkers*, 94 N.J.Super. 554, 229 A.2d 532, 541 n. 7 (state law remedies are retained), *aff'd*, 235 A.2d 482 (App.Div.1967), *cert. denied*, 51 N.J. 181, 238 A.2d 468 (1968).

8. *See, e.g.,* Summers, *Pre-Emption and the Labor Reform Act—Dual Rights and Remedies,* 22 Ohio L.J. 119, 124–25 (1961) (plaintiff can shop for the most favorable forum); Cox, *Internal Affairs of Labor Unions Under the Labor Reform Act of 1959,* 58 Mich.L.Rev. 819, 838 (1959–60) (the federal right is not exclusive).

*such an employee organization acting jointly.*

29 U.S.C. § 1102(a) (emphasis added).

ERISA further provides for the equitable relief which plaintiffs seek in their state-law claim:

A civil action may be brought—

. . . .

(3) by a participant, beneficiary, or fiduciary (A) *to enjoin* any act or practice which violates any provision of this sub-chapter or the *terms of the plan,* or (B) to obtain other *appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this sub-chapter or *the terms of the plan* [.]

29 U.S.C. § 1132(a) (emphasis added). A federal cause of action therefore exists for improper selection of a trustee of an employee benefit plan. In my view ERISA's broad preemption provision, coupled with the fact that ERISA provides a remedy for the wrong alleged here, indicates that plaintiffs' state law claims are preempted. *See Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208 (8th Cir.), *cert. denied,* 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981).[1]

Here, "state law" does "relate to" the employee benefit plans, given that Congress used the words "relate to" in 29 U.S.C. § 1144(a) in their "broad sense." *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490, 501 (1983). In my view the selection, appointment, and removal of trustees clearly relates to the proper functioning of employee benefit plans. (Op. at 309)

Furthermore, the identity of the trustee and how the trustee is selected may have a significant impact on the functioning of the plan. ERISA provides that trustees ("named fiduciaries") "shall have authority to control and manage the operation and the administration of the plan." 29 U.S.C. § 1102(a)(1). While every trustee will be subject to the same fiduciary duties, different trustees may nonetheless make very different decisions about how to operate the plan within those fiduciary duties.

The majority gives weight to the fact that the state law in this case does not affect the disclosure, funding, reporting, vesting, and enforcement provisions of ERISA, and that no ERISA provision governs violations of the internal operating procedures of the organizations which select the trustees. (Op. at 310) It is recognized, however, that ERISA contains almost no federal regulation of the terms of benefit plans. *Metropolitan Life Insurance Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728, 735 (1985). Nevertheless, it is clear that state laws which impact on the substance of benefit plans, for example, by restricting the plan's options, should be preempted. *See Metropolitan Life,* 471 U.S. at ——-——, 105 S.Ct. at 2388–89, 85 L.Ed.2d at 739–40. The identity of the trustee may likewise impact on the substantive operation of the plan.

Moreover, as a co-sponsor of the legislation which became ERISA stated: "It is ... intended that a body of Federal substantive law will be developed by the courts to deal with issues involving rights and obligations under private welfare and pension plans." 120 Cong.Rec. 29942 (1974) (statement of Sen. Javits). Federal law governs the selection of the trustees. *See* 29 U.S.C. § 1102. The development of principles concerning the selection of trustees should be a matter of federal, not state, law.

Having concluded that plaintiffs' state law claims are preempted, I would further hold that federal courts have exclusive jur-

---

**1.** It is true that plaintiffs' claims allege violations of the constitution and bylaws of the State Council and that these provisions are not explicitly incorporated in the written instrument creating the plan. The written instrument does, however, provide for the union to select trustees. ERISA makes clear that the interpretation of the written instrument, including the provi-

sions regarding trustee selection, is a federal question. How the State Council's provisions are implicitly incorporated in the written instrument and what effect they will have are still part of the broader question of interpreting the written instrument. This question is a federal question.

isdiction over the claims. ERISA provides that, except for suits to recover benefits due under a benefit plan, "the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary." 29 U.S.C. § 1132(e).