# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
APPLICATION OF WORKPLACE
BENEFITS, LLC.

No. 65519

**FILED**

JUL 19 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER DENYING PETITION FOR EXEMPTION FROM SCR 42.5*

This petition seeks exemption from the certification requirements of SCR 42.5 on the ground that the Employee Retirement Income Security Act of 1974 (ERISA) preempts the rule's application to petitioner Workplace Benefits, LLC's legal services plan. As directed, the State Bar filed points and authorities addressing the issue.

Workplace represents that it is engaged in the business of providing work-life and employee-assistance program services to Employee Assistance Plans that desire to provide and resell the services to organizations and their eligible employees and beneficiaries (participants). Workplace provides resources and referrals for a variety of services such as childcare, adoption assistance, elder care, mental health professionals, and legal services. Workplace contends that because it "is an ERISA covered multiple employer welfare arrangement, not subject to regulation by the Nevada Insurance Commissioner, it is exempt from filing for certification pursuant to SCR 42.5[5](f)."

ERISA defines an "employee welfare benefit plan," in relevant part, as "any plan, fund, or program . . . established or maintained by an employer or by an employee organization . . . for the purpose of providing for its participants or their beneficiaries" a myriad of benefits including

prepaid legal services. 29 U.S.C. § 1002(1). Although the legal services plan at issue appears to fall within the type of benefits that may be included in an ERISA-governed benefit plan, Workplace has not asserted that any of its plans have been purchased by an employer or employee organization and offered to participants such that it is unclear whether ERISA applies. *See* Jeremy Bryant Tomes, *The Emergence of Group and Prepaid Legal Services: Embracing a New Reality*, 16 Trans: Tenn. J. Bus. L. 25, 55 (2014) (providing that "according to the Department of Labor, 'a prepaid legal services plan itself—that is, the plan as developed by a bar association or other provider group—does not become an ERISA welfare plan until it is adopted by an employer, an employee organization, or an employee beneficiary organization as the funding vehicle for delivering the benefits promised.'" (citing Michael B. Snyder, Hum. Resources Series Compensation and Benefits, § 47:235)).

Regardless, even if ERISA applies to the plans offered by Workplace, ERISA does not preempt SCR 42.5's certification requirements simply because the legal services offered under Workplace's plans fall within the definition of an ERISA employee welfare benefit. Where "federal law is said to bar state action in fields of traditional state regulation, . . . [the Supreme Court has] worked on the 'assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.'" *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995) (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)) (internal citation omitted). Courts have recognized that nothing in ERISA suggests that Congress "had any intent to preempt the regulation of the professional conduct of lawyers, a field traditionally left to the states." *In the Matter of UAW Legal Services Plan*, 416 N.Y.S.2d 133, 134 (App. Div.

1979); *see In re 1115 Legal Service Care*, 541 A.2d 673, 675 n.2 (N.J. 1988) (observing that while ERISA may preempt the regulation of union prepaid legal service plans, it does not reach the professional licensure and regulation of lawyers); *see also Alaska State Council of Carpenters v. United Bhd. of Carpenters & Joiners of America, Local 1281*, 727 P.2d 306, 310 (Alaska 1986) (acknowledging that ERISA does not preempt state regulation of lawyers).

We conclude that the provisions in SCR 42.5 relate to regulating the professional conduct of attorneys and maintaining the integrity of the legal profession. Because ERISA does not operate to preempt rules regulating attorney conduct, we conclude that ERISA does not preempt SCR 42.5. Therefore, Workplace must comply with the rule's certification requirements. Accordingly, we

ORDER the petition DENIED.

_____ , C.J.
Douglas

_____ , J.          _____ , J.
Cherry                                 Gibbons

_____ , J.          _____ , J.
Pickering                              Hardesty

_____ , J.          _____ , J.
Parraguirre                            Stiglich

cc:     James E. Smith
        State Bar of Nevada/Las Vegas

Supreme Court
of
Nevada

(O) 1947A