Franklin W. BOGANS, Appellant,

v.

Michael JEFFERS, Appellee.

No. 80–797.

District of Columbia Court of Appeals.

Submitted April 2, 1981.

Decided April 24, 1981.

Franklin W. Bogans pro se.

Michael Jeffers pro se.

Before NEWMAN, Chief Judge, and KERN and NEBEKER, Associate Judges.

PER CURIAM:

Appellant contends the Small Claims court abused its discretion in dismissing a portion of his counterclaim. We find that the court had exclusive jurisdiction over the counterclaim and erred in refusing to hear it. Accordingly, we reverse and remand for a new trial on the counterclaim.

Plaintiff-appellee brought suit for the value of a sewing machine held by defendant-appellant as security for a personal debt. Appellant counterclaimed for $452: $200 for unpaid rent, $200 for the value of time lost from his business, and $52 for a personal loan.

The testimony below indicated that appellant Bogans had leased to Jeffers a space in the rear of appellant's shoe repair shop. Appellee subsequently installed his sewing machine on the leased premises. During the proceeding, appellee admitted owing fifty dollars as a personal debt to Bogans, and Bogans did not deny that the sewing machine belonged to appellee. The trial court rendered judgment for appellee for the return of the sewing machine, provided that he pay appellant the fifty dollars. The court, however, dismissed appellant's counterclaim for unpaid rent on the grounds that it was not properly before the court and that such matters should be referred to the Landlord and Tenant Branch. Pursuant to D.C.Code 1973, § 11–721(c) and D.C. App.R. 6(d), appellant applied for allowance to appeal from the ruling of the Small Claims court. This court granted that application.*

* "A losing party in a small claims action is not *entitled to appeal as a matter of right....* This court usually grants appeals in such cases, however, where appellant states grounds show- ing apparent error or a question of law, which *has not been but should be decided by this court.*" (Footnote omitted.) *Karath v. Gener-*

Under D.C.Code 1973, § 11–1321, the "Small Claims and Conciliation Branch has exclusive jurisdiction of any action within the jurisdiction of the Superior Court which is only for the recovery of money, if the amount in controversy does not exceed $750, exclusive of interest, attorney fees, and costs." Section 11–1321 also provides that an action which affects an interest in real property may not be brought in the Small Claims Branch.

The record in the instant case reveals (1) that the original claim was for $750, the alleged value of the sewing machine; (2) that the counterclaim requested only the recovery of money; and (3) that appellee was no longer in possession of the leased premises, and no claim for possession was ever made by appellant. Although § 11–1321 states that counterclaims affecting an interest in real property shall be certified to the Civil Division, the facts show that appellant's counterclaim affected no such interest. It merely requested payment of back rent, other expenses, and debts. Under these circumstances, we find that the counterclaim was within the exclusive jurisdiction of the Small Claims court and that the court erred in refusing to hear the matter.

*Reversed and remanded.*

*alis*, D.C.App., 277 A.2d 650, 651 (1971); (also cited in *District of Columbia v. Franklin Invest-ment Co.*, D.C.App., 404 A.2d 536, 537 n.2 (1979)).