Rae LECHNER, Plaintiff,

v.

NATIONAL BENEFIT FUND FOR HOSPITAL AND HEALTH CARE EMPLOYEES, John Doe, Jane Doe et al., Defendants.

80 Civ. 4797.

United States District Court, S. D. New York.

May 1, 1981.

Seifman & Lechner, P. C., Washington, D. C. and Belson, Connolly & Belson, New York City, for plaintiff.

Sipser, Weinstock, Harper, Dorn & Liebowitz, New York City, for defendants; Donald E. Klein, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

While it may well be, as the defendants contend, that this action is brought not to benefit the plaintiff or other participants in the defendants' employee welfare benefit plan (the "Plan") but to obtain fees for her lawyers, one of whom is her son, this fact should not deprive the plaintiff of her right to maintain this action if she is authorized to do so by law.

Plaintiff, a participant in the Plan, was terminated for nonpayment of quarterly assessments, notice of which she denied receiving although the defendants contend that they mailed it to her. Upon her appeal to the Trustees' Appeals Committee, as allowed under the Plan, she was reinstated and is now a participant in good standing, and will remain such as long as she continues to make the required payments. However, in view of her prior experience, she charges that the defendant-trustees breached their duties as fiduciaries as defined by §§ 101(a)(1), 102(a)(1), 104(b)(1), 404(a)(1)(A) & (B) and 503 of the Employees Retirement Income Security Act ("ERISA")[1] and by New York State law, and that if their current practices are permitted to continue, her rights in the future may again be imperiled. Accordingly, she seeks by this action to compel the trustees to set up specific rules as proposed by her counsel to satisfy these duties.

The defendants move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court emphasizes that the issue on this motion is not the merits or demerits of any proposal to improve the existing plan. The sole issue is whether plaintiff may maintain this action in the light of allegations that her benefits previously were terminated and may be terminated again in the future.

■ At the outset, plaintiff's state law claims must be dismissed. Since all the events alleged in the complaint occurred after January 1, 1975, this state law is superseded by the applicable ERISA provisions.[2]

■ Plaintiff claims that this action is authorized by ERISA § 502(a)(3).[3] Subsection (a)(3) provides that a participant may bring a civil action.

(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

Defendants' primary contention is that a requirement for bringing an action under subsection (a)(3) is that the plaintiff seek coverage or benefits under the Plan that have been denied her.

No provision of subsection (a)(3), however, requires that a participant seeking injunctive relief also seek to recover benefits due her under the Plan. This omission is significant in light of the provisions of companion subsection (a)(1)(B),[4] one of which authorizes a participant to bring a civil action "to recover benefits due to him."[5] Subsection (a)(1)(B) demonstrates that when Congress desired to refer to the recovery of benefits currently due a participant, it provided so specifically. The absence of such a provision in subsection (a)(3) thus is strong evidence that such a requirement was not intended.

The legislative history of § 502 lends further support to this interpretation. It demonstrates that the enforcement provisions of ERISA were designed to provide participants with broad remedies for redressing or

---

1. 29 U.S.C. §§ 1021(a)(1), 1022(a)(1), 1024(b)(1), 1104(a)(1)(A) & (B), 1133.

2. 29 U.S.C. § 1144(a); *see Francis v. United Technologies Corp.*, 458 F.Supp. 84, 86 (N.D. Cal.1978) (ERISA language intended to effect "broadest possible preemption of state law").

3. 29 U.S.C. § 1132(a)(3).

4. 29 U.S.C. § 1132(a)(1)(B)..

5. *Id.*

preventing violations of the Act.[6] It would thus thwart Congress' purpose to read into subsection (a)(3) a requirement that actions brought for equitable relief must also seek recovery of benefits due. While, as defendants note, all cases cited by plaintiff to support her bringing an action for injunctive relief involved a plaintiff who also sought particular benefits or coverage, none of these cases holds that the seeking of this additional relief is a condition of bringing an injunctive action.[7] Plaintiff thus is entitled to bring this action under § 503(a)(3).

With the exception of plaintiff's state law claim, the complaint is upheld and defendants' motion is denied.

The Court recognizes that this determination, one of first impression, may result in a flood of litigation by participants in ERISA plans who feel disgruntled by their administration and charge the trustees with violation of fiduciary obligations. Accordingly, the issue here presented goes beyond the concerns of the immediate litigants and involves a significant matter of public interest and importance. Since immediate appeal from this order may materially advance the ultimate determination of this litigation, the Court on its own motion authorizes an appeal to be taken from its decision pursuant to the provisions of 28 U.S.C. § 1292(b).[8]

So ordered.

---

**6.** *See* H.R.Rep.No.93–533, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News 4639, 4655; S.R.Rep.No.93–127, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News 4838, 4871; *cf.* S.R.Rep.No.93–383, *reprinted in* [1974] U.S.Code Cong. & Ad.News 4890, 4899; Statement by Harrison A. Williams, Jr., Chairman of Sen.Comm. on Labor & Pub.Welf., *reprinted in* [1974] U.S.Code Cong. & Ad.News 5177, 5188. *See also Kulchin v. Spear Box Co. Retirement Plan*, 451 F.Supp. 306, 311 (S.D.N.Y.1978); *Lewis v. Merrill Lynch, Pierce, Fenner & Smith*, 431 F.Supp. 271, 274 (E.D.Pa.1977).

**7.** *See, e. g., Riley v. Meba Pension Trust*, 570 F.2d 406 (2d Cir. 1977); *Pernelli v. Local 50*

*Candy & Confectionary Union & Industrial Pension Fund*, 478 F.Supp. 26 (E.D.N.Y.1979); *Denzer v. Purofied Down Products Corp. Profit Sharing & Retirement Plan*, 474 F.Supp. 773 (S.D.N.Y.1979); *Tanuggi v. Grolier Inc.*, 471 F.Supp. 1209 (S.D.N.Y.1979); *Kulchin v. Spear Box Co. Retirement Plan*, 78 Civ. 592 (S.D.N.Y. July 31, 1978); *Kulchin v. Spear Box Co. Retirement Plan*, 451 F.Supp. 306 (S.D.N.Y. 1978).

**8.** *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1065 (2d Cir. 1979); *Brown v. Bullock*, 294 F.2d 415, 417 (2d Cir. 1961) (Friendly, J.)