PELLIGRA, APPELLEE, *v.* GOODYEAR TIRE & RUBBER COMPANY ET AL., APPELLANTS.

(No. 13470—Decided
June 29, 1988.)

*Mark Hilkert* and *Philip S. Kaufmann,* for appellee.

*Orville L. Reed III,* for appellants.

MAHONEY, P.J. Appellant, the Goodyear Tire & Rubber Co. ("Goodyear"), appeals from the judgment of the Summit County Court of Common Pleas in favor of appellee, Benny Pelligra, following a jury trial. We reverse.

Benny Pelligra was an employee at Goodyear for over forty years. In the months prior to May 1985, Pelligra had been considering retirement. On Sunday, May 12, 1985, Pelligra returned from an overseas trip. Upon his return, Pelligra heard rumors that Goodyear was considering an incentive plan to induce salaried Goodyear workers to retire. Consequently, Pelligra called Terry Deems, who worked in the compensation benefits and personnel proposals department, to ascertain whether there was any truth to the rumors. Pelligra claimed that as a result of this conversation Deems gave Pelligra the false impression that there was "nothing in the works." Pelligra further claimed that in reliance on Deems' representations he signed his

retirement papers on May 16, 1985. On May 17, 1985 Goodyear announced a retirement incentive plan. Since Pelligra had signed his retirement papers one day too soon, he was prohibited from participating in the plan. If Pelligra had participated in the plan he would have been entitled to one year's salary upon retirement.

Pelligra sued Goodyear to recover the one year's salary he would have received pursuant to the retirement incentive plan under the theories of breach of contract, intentional misrepresentation, and negligent misrepresentation. The trial court disagreed with Goodyear's assertion that Pelligra's causes of action were pre-empted by federal law. At trial, the trial court directed a verdict in favor of Goodyear with respect to the breach of contract claim. The jury rendered a verdict in favor of Goodyear on the intentional misrepresentation claim and in favor of Pelligra on the negligent misrepresentation claim. This appeal followed.

### Assignment of Error I

"The trial court erred, to the prejudice of the defendant, by overruling defendant's motions for summary judgment on the issue of ERISA pre-emption and by failing, at trial, to direct a verdict in favor of defendant on the plaintiff's common law claims of breach of contract, fraud and negligent misrepresentation."

The Employee Retirement Income Security Act ("ERISA"), Section 1001 et seq., Title 29, U.S. Code, is a comprehensive statutory scheme to regulate pension and retirement benefits. Firestone Tire & Rubber Co. v. Neusser (C.A.6, 1987), 810 F. 2d 550. Furthermore, ERISA pre-empts state laws that relate to retirement plans. Section 1144(a), Title 29, U.S. Code provides:

"Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. * * *"

Furthermore, the United States Supreme Court has approved the United States Solicitor General's argument that:

"* * * Congress clearly expressed an intent that the civil enforcement provisions of ERISA § 502(a) be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits, and that varying state causes of action for claims within the scope of § 502(a) would pose an obstacle to the purposes and objectives of Congress. * * *" Pilot Life Ins. Co. v. Dedeaux (1987), 481 U.S. 41, 52.

Additionally, our own Supreme Court has held that:

"A state common-law claim asserting express, willful and malicious misrepresentation against a self-insured employee benefit plan is pre-empted by ERISA." Richland Hospital, Inc. v. Ralyon (1987), 33 Ohio St. 3d 87, 516 N.E. 2d 1236, paragraph five of the syllabus. Accord Varhola v. Doe (C.A. 6, 1987), 820 F. 2d 809, 817; cf. Neusser, supra.

Accordingly, we find that Pelligra's state common-law causes of action are pre-empted by ERISA.

Pelligra argues in his brief that the retirement incentive plan did not relate to an ERISA-type plan but was merely an employment benefit not covered by ERISA. Pelligra likens his case to Fort Halifax Packing Co., Inc. v. Coyne (1987), 482 U.S. 1. In Fort Halifax, Maine passed a statute where employers were required to pay employees a lump sum under certain

circumstances when a plant closed. The United States Supreme Court held that any such lump sum payment was merely an employment benefit and not related to any plan covered by ERISA. Thus, state causes of action with regard to the lump sum payment were not preempted by ERISA.

In the instant case, the retirement incentive plan was clearly related to an ERISA plan. It is clear from the record that Goodyear's retirement and pension program is covered by ERISA. Even if the retirement incentive plan is not in and of itself covered by ERISA, it most certainly relates to Goodyear's retirement and pension plan. Since Goodyear's retirement incentive plan induces employees to retire, it would in turn create additional burdens on Goodyear's retirement and pension program. Thus, Goodyear's retirement and incentive plan relates to a plan covered by ERISA and, therefore, state causes of action concerning Goodyear's retirement incentive plan are pre-empted by ERISA.

Accordingly, Goodyear's first assignment of error is sustained.

### Assignments of Error

"II. The trial court erred, to the prejudice of the defendant, by not directing a verdict in favor of the defendant on the issue of negligent misrepresentation.

"III. The trial court erred, to the prejudice of the defendant, by failing to direct a verdict on the issue of defendant's duty to disclose information about a future program.

"IV. The judgment of the lower court is against the manifest weight of the evidence."

In light of our disposition of assignment of error one, we find that the remaining assignments of error are moot.

Goodyear's first assignment of error is sustained and the judgment of the trial court is reversed.

*Judgment reversed.*

CACIOPPO, J., concurs.

GEORGE, J., concurs in judgment only.