# Davis v.
# Huron Road Hospital
*[Cite as 8 AOA 342]*

*Case No. 57722*
*Cuyahoga County, (8th)*
*Decided November 21, 1990*

*Ross F. Sprague, 21010 Center Ridge Road, Rocky River, Ohio 44116, for Plaintiff-Appellant.*

*Victoria M. Pohlman, Reminger & Reminger Co., L.P.A., The 113 St. Clair Building, Cleveland, Ohio 44114-1273, for Defendant-Appellee.*

JOHN. V. CORRIGAN, P.J.

From November 3, 1964 until August 12, 1987, plaintiffappellant Juanita Davis ("appellant") was employed by defendant-appellee Huron Road Hospital (appellee) as a nurse's aide. On or about July 15, 1987, appellant gave notice to appellee that she was resigning from her position effective August 12, 1987. Throughout appellant's employment with appellee, appellant was covered by an employment retirement plan.

In June, 1987, appellee began to prepare an early retirement program in order to reduce its employment staff. From June, 1987 through August, 1987, appellee's officials and personnel considered various options regarding the early retirement plan.

On August 19, 1987, appellee enacted the early retirement plan. Appellant would have been eligible, for benefits under the new early retirement plan but her employment with appellee terminated on August 12, 1987 when her resignation took effect.

On February 5, 1988, appellant filed a complaint against appellee sounding in promissory estoppel, misrepresentation and breach of contract. In her complaint, appellant alleged that during her termination interviews with appellee, appellee failed to inform her of the new early retirement plan, thereby causing her to suffer a substantial loss in benefits. Appellant claimed that she relied to her detriment upon appellee's misrepresentation regarding the early retirement plan.

On September 9, 1988, appellant filed a motion for summary judgment arguing that appellee violated its own policy of informing its employees of their retirement rights and benefits, especially during the termination interviews. Thus, appellant claimed that she was entitled to damages as a matter of law due to appellee's failure to inform her about the early retirement plan.

Also on September 9, 1988, appellee filed a motion for summary judgment and/or motion to dismiss. Appellee claimed that the trial court lacked jurisdiction over the subject matter and that there were no genuine issues as to material fact.

In its motion for summary judgment and/or dismissal, appellee admitted that its early retirement plan was organized under and governed by the Employee Retirement Income Security Act ("ERISA"). Thus, appellee argued that appellant's claims were preempted by ERISA and should be evaluated under its guidelines. Appellee argued that the trial court lacked subject matter jurisdiction because ERISA preempted appellant's state common law action asserting misrepresentation, promissory estoppel and breach of contract.

Appellee also claimed that if the trial court did not lack subject matter jurisdiction to hear appellant's claims, there were no material facts in dispute. Appellee claimed that it had no duty to inform appellant, and appellant had no right to be informed, of the possibility of an early retirement plan.

On April 13, 1989, the trial court issued its opinion and ruling. The trial court initially denied appellant's motion for summary

judgment. The trial court found that appellant failed to substantiate her claims for promissory estoppel and breach of contract.

The trial court then proceeded to rule on appellee's motion for summary judgment and/or motion to dismiss. The trial court found that appellee's early retirement plan was organized under and governed by ERISA. Therefore, the trial court stated that appellant could only prevail under ERISA for her claims of misrepresentation, promissory estoppel and breach of contract if she proved a breach of fiduciary duty. The trial court found that such a claim for breach of fiduciary duty divests the state court of concurrent jurisdiction and provides the federal court with exclusive jurisdiction of such claim. Accordingly, the trial court ruled that it lacked jurisdiction over appellant's claims.

Although the trial court held it lacked subject matter jurisdiction, it proceeded to determine whether appellant's claims presented any genuine issues of material fact under ERISA. The trial court found that there was no duty on the part of Appellee to inform appellant of the possibility or probability that an early retirement program was being implemented or even being considered. The trial court went on to find that appellee's decision to implement the early retirement plan was a business decision, thus, it could not constitute a breach of a fiduciary duty contemplated by ERISA.

The trial court granted appellee's motion for summary judgment.

Appellant filed a timely notice of appeal and subsequently raised the following assignments of error:

"I. THE TRIAL COURT ERRED IN RULING THAT PLAINTIFF'S CLAIMS ARE PREEMPTED BY ERISA AND THAT THE TRIAL COURT HAD NOT JURISDICTION.

"II. THE TRIAL COURT ERRED IN APPLYING A BREACH OF FIDUCIARY DUTY STANDARD TO PLAINTIFF'S CLAIMS."

Under Section 1132(e)(1), Title 29, U.S. Code, ERISA vests state and federal courts with concurrent subject matter jurisdiction of civil actions brought by participants or beneficiaries to recover benefits due, to enforce rights, or to clarify rights to future benefits under the plan. Exclusive jurisdiction of all other civil actions brought under ERISA is vested in the federal courts. State courts have jurisdiction concurrent with that of the federal courts to award benefits due under the terms of an employee benefit plan. *Richland Hospital, Inc. v. Ralyon* (1987), 33 Ohio St. 3d 87.

ERISA contains broad preemption provisions intended to make the federal government the sole authority to regulate employee benefit plans. *Pilot Life Insurance Co. v. Dedeaux* (1987), 481 U.S. 41. Section 1144, Title 29, U.S. Code provides that ERISA supercedes any and all state-law claims that relate to the employee benefit plan. For instance, in *Pilot Life Insurance Co., supra,* the United States Supreme Court held that ERISA preempts state common law tort and contract actions asserting improper processing of a claim for benefits under an insured employee benefit plan. As long as the common law causes of action "relate to" an employee benefit plan, they are preempted by ERISA.

The crucial issue in the instant case is whether appellant's claims for misrepresentation, promissory estoppel and breach of contract relate to appellee's early retirement plan in such a way as to be preempted and superseded under ERISA.

State law is said to "relate to" a plan if it is connected with the plan or makes reference to it. *Shaw v. Delta Air Lines, Inc.* (1983), 463 U.S. 85. The words "relate to" of Section 1144(A), Title 29, U.S. Code, must be read in a broad sense and include more than state laws specifically designed to affect employee benefit plans and more than state laws concerning subject matters covered by ERISA. *Id.* at 98-99. The relationship between the alleged state-law claim and the specific terms and conditions of the employee benefit plan is the key concept in determining whether ERISA preempts the state law claims. *Mt. Carmel Medical Ctr. v. Auddino* (1988), 53 Ohio App. 3d 62.

When a participant or beneficiary brings an action in common law tort or contract alleging the improper processing of claims, clearly those claims relate to the plan and are thus preempted. *Pilot Life Ins. Co., supra.* Additionally, the alleged wrongful termination of disability benefits based on breach of contract is preempted by ERISA. *Metropolitan Life Ins. Co. v. Taylor* (1987), 481 U.S. 58.

The Ohio Supreme Court has held that "a state common-law claim asserting express, willful and malicious misrepresentation against a self-insured employee benefit plan is preempted by ERISA." *Richland Hospital Inc., supra.* at paragraph five of the syllabus Such a claim for misrepresentation is founded upon the theory of fiduciary misconduct which is within the exclusive jurisdiction of the federal courts pursuant to ERISA. *Id.* at paragraph four of the syllabus.

In the instant case, appellant sought recovery from appellee under the theories of misrepresentation, promissory estoppel and breach of contract. Appellant specifically claims that she was deprived of a substantial amount of benefits under appellee's early retirement plan. Appellant's suit concerns the liability of appellee for its failure to fully disclose material terms, conditions and alterations of its retirement benefits plan. Appellant claims that she was harmed due to appellee's failure to inform her of the early retirement plan. In essence, appellant's complaint stated that appellee's conduct prevented her from exercising any rights under the early retirement plan.

We find that appellant's claims do relate to an ERISA plan since they concern appellee's early retirement plan itself. Appellant is claiming a deprivation of benefits under the plan. In fact, appellant's prayer for damages set forth in her complaint was for the amount she would have been entitled to under appellee's early retirement plan if she had not resigned. Appellant did not seek compensatory damages for the alleged tortious conduct of appellee.

Furthermore, we find that appellant's claims are provided for and covered by ERISA. Sections 1021-1031, Title 29, U.S. Code pertain to the Notice of Reporting and Disclosure Provisions of the Act. These provisions concern the liability of an employer for failure to fully disclose material terms, conditions and alterations of a benefit plan.

We conclude that appellant's claims are preempted by ERISA insofar as they are in connection with appellee's early retirement plan. Cf. *Pelligra v. Goodyear Tire and Rubber Co.* (1988), 41 Ohio App. 3d 61.[1]

Appellant's first assignment of error is without merit and is overruled.

In her second assignment of error, appellant argues that the trial court erred in applying the "breach of fiduciary duty" standard to her state claims. Appellant contends that such a standard is inapplicable herein since it relates only to federal claims under ERISA.

In its opinion and ruling, the trial court proceeded to determine whether appellant's claims under ERISA presented any genuine issue of material fact, despite its prior finding that appellant's claims were preempted by ERISA. In its analysis of appellant's claims under ERISA, the trial court found that the only way appellant could prevail under ERISA for her claims of misrepresentation and promissory estoppel was to prove a breach of fiduciary duty.

Claims for misrepresentation and promissory estoppel under ERISA must establish that there was a breach of fiduciary duty on the part of the employer. *O'Grady v. Firestone Tire & Rubber Co.* (S.D. Ohio 1986), 635 F. Supp. 81, 83; *Ogden v. Michigan Bell Tel. Co.* (E.D. Mich. 1984), 595 F. Supp. 961. Federal courts have exclusive jurisdiction over ERISA claims for breach of fiduciary duty. *Richland, supra,* at paragraph five of the syllabus; *Spitzer v. Dytronics Co.* (1984), 13 Ohio App. 3d 275.

Trial courts have proceeded to consider ERISA claims when the state-law claims have been preempted by ERISA. Cf. *Wallingsford v. Local Union 407 Insurance Fund* (1986), Cuyahoga App. Nos. 51084 and 51176, unreported; see, also, *Reed v. Standard Slag Co.* (Apr. 28, 1987), Scioto App. No. CA 1585, unreported. It is clear that ERISA grants state courts concurrent jurisdiction with federal district courts of civil actions. Section 1132 (e)(1) and Section 1132 (a)(1)(b), Title 29, U.S. Code; *Spitzer, supra,* at 278.

While Ohio state courts can award employee benefits under plans covered by ERISA, their rationale must be consistent with federal law. *Richland Hospital, supra,* at 92. A state court adjudicating an ERISA claim must apply federal law as created by federal courts or established by federal statute. *Peckham v. Bd. of Trustees of Internat'l Brotherhood of Painters and Allied Trades Union* (10th Cir. 1981), 653 F.2d 424.

Appellant's action in the instant case is to recover benefits she claims she is entitled to under appellee's early retirement plan. It remains such an action even though her state-law claims are preempted by ERISA.

Thus, the trial court properly applied the breach of fiduciary duty standard that is required for claims for misrepresentation and promissory estoppel under ERISA.

Appellant next argues that the trial court erred in granting summary judgment in favor of appellee given the stringent standards for granting such a motion.

Summary judgment pursuant to Civ. R. 56(C) is appropriate if 1) there is no issue of material fact; 2) the moving party is entitled to judgment as matter of law; and 3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his or her favor. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66.

In the instant case, we find that the allegations set forth in appellant's case do not give rise to fiduciary liability under ERISA. A fiduciary is defined in Section 1002(21) (A), Title 29, U.S. Code as follows:

"Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (I) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (II) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (III) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under Section 405(C)(1)(B) 29 USCS Sec. 1105(C)(1)(B)."

Fiduciary duties do not include purely ministerial actions such as advising participants of the availability of the plan for early retirements. *Lynn v. Allied Corporation* (Nov. 12, 1987), Cuyahoga App. No. 52755, unreported. A decision regarding the implementation of an early retirement plan is a business decision and not undertaken in a fiduciary capacity. *Ogden v. Michigan Tel. Co.* (E.D. Mich. 1987), 657 F.Supp. 328. There is no duty imposed on an employer to predict accurately the future availability of an early retirement plan. *Berlin v. Michigan Bell Tel. Co.* (6th Cir. 1988), 858 F.2d 1154.

Construing the evidence in appellant's favor, we find that appellant has failed to present any evidence that appellee violated any fiduciary duty under ERISA. We find no issue of material fact and conclude that appellee was entitled to judgment as a matter of law. The trial court did not err in granting appellee's motion for summary judgment.

Appellant's second assignment of error is without merit and is overruled.

Trial court judgment is affirmed.

JOHN F. CORRIGAN, J., and McMANAMON, J., concur.

----

[1] In *Pelligra v. Goodyear Tire & Rubber Co.* (1988), 39 Ohio St. 3d 716, the Ohio Supreme Court overruled appellant's motion to certify based on a jurisdictional matter.