493 A.2d 701

**Matthew SHIELDS, Jr., Appellee,**

**v.**

**C.D. JOHNSON MARINE SERVICE, INC., a Corporation, and Charles D. Johnson, Trustee Ad Litem For C.D. Johnson Marine Service, Inc., Retirement and Profit Sharing Plans, Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 17, 1984.

Filed April 4, 1985.

Reargument Denied June 14, 1985.

502

Nancy Cusano, Pittsburgh, for appellants.

Philip P. Lope, Zelienople, for appellee.

Before ROWLEY, OLSZEWSKI and POPOVICH, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

The issue presented by this appeal is whether the Pennsylvania Courts of Common Pleas have subject matter

jurisdiction over appellee's claim that he is entitled to recover additional employee benefits under the retirement plans of his former employer, C.D. Johnson Marine Service, Inc., (Marine Service), based on Section 411(d)(3) of the Internal Revenue Code, 26 U.S.C. § 411(d)(3). The trial court assumed jurisdiction and entered judgment on the jury's verdict in favor of appellee, Matthew Shields, Jr. Because we have concluded that the trial court did not have jurisdiction, we reverse.

Appellee filed a complaint in assumpsit in the Butler County Court of Common Pleas on April 14, 1982. In Count I appellee sought payment of wages allegedly due pursuant to an oral employment contract, whereby appellee was to be paid a percentage of revenues generated by engineering and inspection services he provided to his employer's customers. In Count II appellee sought full payment of his "account balances" under the retirement plans maintained by Marine Service in which appellee participated while he was employed by it. Appellant's answer to the complaint denied the existence of an oral contract based on a percentage of gross revenues (Count I) and denied that appellant was entitled to his full account balances, asserting that he was only 70% vested in the plans (Count II). The trial in this case commenced on May 16, 1983 and resulted in a jury verdict in favor of appellee on both counts. Post-trial motions, argued before the court *en banc,* were denied and judgment was entered on the jury's verdict on June 27, 1983.

█ Appellant, Charles D. Johnson, Trustee Ad Litem for Marine Service Retirement and Profit Sharing Plans (Johnson) has appealed challenging only the judgment entered on the verdict on Count II of appellee's complaint. On appeal, appellant argues that state courts do not have subject matter jurisdiction over the claims set forth in Count II of appellee's complaint.[1] Because we find that this contention

---

1. Appellant did not raise the issue of subject matter jurisdiction in the trial court; however, lack of subject matter jurisdiction is a defense that cannot be waived. Pa.R.C.P. 1032(2).

has merit, we do not address appellant's argument that the evidence presented was insufficient to support the verdict.

The facts relevant to our disposition of this case, briefly stated, are as follows. Appellee commenced his employment with Marine Service on December 1, 1974. In addition to receiving a salary and bonuses, the parties agreed that appellee participated in two retirement plans maintained by Marine Service. The plans were a pension plan and a profit sharing plan. Appellee participated in both plans for seven full fiscal years until his employment with Marine Service terminated on December 1, 1981. Although we were not provided with a copy of the plans involved, either in the reproduced record or the original record, the parties have agreed that an employee's entitlement to the monies contributed by the employer under the terms of the plan "vested" at a rate of 10% for each year of employment with Marine Service. Appellant conceded that appellee is entitled to 70% of the employer's accumulated contributions under the terms of these plans since he had completed seven years of service as an employee. The only dispute herein is whether appellee is entitled to the remaining 30% of accumulated employer contributions on the theory that a "partial termination" of the plans occurred pursuant to Section 411(d)(3) of the Internal Revenue Code (I.R.C.), 26 U.S.C. § 401. An analysis of appellee's claim shows that it is based on a consideration of federal income tax principles as related to employers' pension and profit sharing plans.

Section 401 of the I.R.C. sets forth requirements that a plan must meet in order to qualify for certain tax benefits, for example, tax exempt status of the trust created by a plan and tax deductions for employer contributions to the plan. *See Rothlein v. Armour & Co.*, 377 F.Supp. 506 (W.D.Pa.1974). Section 401 requires, *inter alia*, that the plan must satisfy the requirements of Section 411 of the I.R.C., 26 U.S.C. § 411, regarding minimum vesting requirements. *See* 26 U.S.C. § 401(a)(7). Section 411(d)(3) provides, in pertinent part:

Termination or partial termination; discontinuance of contributions.—Notwithstanding the provisions of subsection (a), a trust shall not constitute a qualified trust under section 401(a) unless the plan of which such trust is a part provides that—

(A) upon its termination or partial termination, or

(B) in the case of a plan to which section 412 does not apply, upon complete discontinuance of contributions under the plan,

the rights of all affected employees to benefits accrued to the date of such termination, partial termination, or discontinuance, to the extent funded as of such date, or the amounts credited to the employees' accounts, are nonforfeitable.

26 U.S.C. § 411(d)(3).

■ Appellee argues that he is entitled to 100% vesting in the monies contributed by his employer because a "partial termination" of the plans occurred under Section 411(d) when Marine Service withdrew from the engineering business. The question whether our courts have jurisdiction in this case is controlled, however, by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., which applies to all pension and profit sharing plans with the exception of governmental, church and certain other specific plans, 29 U.S.C. § 1003. Section 1132(e)(1) of ERISA provides;

Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.

29 U.S.C. § 1132(e)(1). Thus, state courts have concurrent jurisdiction with federal courts over civil actions involving pension and profit sharing plans only under subsection (a)(1)(B). That section provides, in pertinent part:

(a) A civil action may be brought—
(1) by a participant or beneficiary—

\* \* \* \* \* \*

(B) to recover benefits due to him *under the terms of his plan,* to enforce his rights *under the terms of the plan,* or to clarify his rights to future benefits *under the terms of the plan;*

29 U.S.C. § 1132(a)(1)(B) (emphasis added).

 The burden, therefore, was on appellee to prove that his action was brought to recover benefits due him *under the terms of the plans* involved herein in order to establish subject matter jurisdiction in the state courts. However, there are no copies of the plans either in the reproduced record or the record certified to us from the trial court, and appellee has failed to cite to the sections in the plans upon which his claim is based. Appellee's sole contention is that a "partial termination" of the plans occurred and that, on the basis of Section 411(d)(3) of the I.R.C., he is entitled to 100% vested rights in accumulated employer contributions. Appellee's brief states that "[b]y the express terms of both plans in this case, as with all plans that qualify under the Internal Revenue Code, upon partial termination of a plan the participant is fully vested in his account balances." (Appellee's brief at p. 4). We point out that this particular language is *not* contained in Section 411(d)(3). Furthermore, as previously observed, appellee does not refer to the provisions in the plans which contain such language and unless the *terms of the plan* provide that partial termination results in 100% vesting, our courts do not have jurisdiction over this cause of action.

 We note that if the employer denied accrued benefits in contravention of Section 411(d) or if the terms of the plans were inconsistent with the requirements of that section, the plan might not be granted a qualified status, resulting in serious tax consequences to the employer. Whether or not an employee could recover on the basis of such a violation, however, would depend on whether an

implied private right of actions exists under Section 411(d). That question is under the exclusive jurisdiction of the federal courts, 29 U.S.C. § 1132(e)(1).

Accordingly, since the record is silent regarding the terms of the plans and appellee has not shown that his suit is based on the *terms of the plans,* we find that the trial court did not have subject matter jurisdiction to decide this case. Therefore, it not appearing that appellee's claim is based on the terms of the retirement plans but that it is based upon Section 411(d)(3) of the I.R.C. the Judgment entered on Count II of appellee's complaint is reversed.