**Bunt v. Pension Mortgage Associates Inc.**

C.P. of Delaware County, nos. 89-15679 and 92-7129.

*Thomas Kelly,* for the plaintiff.
*William G. Halligan* and *Joseph P. Grimes,* for defendants.

McGOVERN, *J.,* March 27, 1995—This court has dismissed plaintiff trustee's actions, finding that there is a lack of subject matter jurisdiction by virtue of federal preemption pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §1001, et seq., ERISA.[1]

---

1. Plaintiff filed three lawsuits, nos. 89-15679, 91-15188 and 92-7129, in this court. These three cases were ordered to be consolidated

Plaintiff, as trustee of the above plan, filed the initial action above captioned (89-15679) against defendants, alleging arrearages in payments due the fund and that defendants have placed the pension trust fund at risk for their personal gain. (Complaint ¶¶ 23 and 24.)

Plaintiff's complaint (entitled application by shareholder creditor for involuntary winding up and dissolution of the corporation and complaint for rescission of contract) alleges that the individual defendants have, since January 1986, been employed by the pension plan in a fiduciary capacity for the administration and investment of trust funds. The complaint also alleges that the defendants in their fiduciary capacity acted as consultants and advisors, directing fund investment. (See complaint ¶¶ 6-12.)[2]

Plaintiff alleges that in 1989 defendants Regan and Williams recommended to the pension plan that its trust funds be placed in a real estate mortgage that the defendants represented to plaintiff as secure. The mortgage investment was to yield 11 percent interest and would be secured by some 118 acres of real estate located in Chester Township, New Jersey. (Complaint ¶¶ 14 and 16.) A mortgage participation agreement was presented to plaintiff by defendants on or about June 14, 1989 with recommendations that plaintiff execute the agreement since it was in the plan's best interest. (Complaint ¶ 15.) Plaintiff, in reliance thereon, authorized defendants Regan and Williams to sell $162,025.58 worth of securities from the trust fund and forward

---

for trial. The case numbered 91-15188, *Bunt v. Regan, Williams and Williams Financial Group Ltd.,* was withdrawn by plaintiff following this court's order dismissing plaintiff's other two complaints. The withdrawn case is thus not the subject of this appeal.

2. The contentions raised on appeal by plaintiff seem to suggest the contrary.

those proceeds through the defendants for the aforesaid mortgage investment. (Complaint ¶¶ 17 and 18.) Plaintiff alleges that defendants never disclosed that they were officers, and had a controlling interest, in defendant, Pension Mortgage Associates Inc. (Complaint ¶ 19.) Defendants received a finder's fee for the aforesaid investment and the defendant corporation received interest income upon the mortgage principal. (Complaint ¶ 21.) The payments due the trust fund are in arrears and the fund is at risk, according to plaintiff. (Complaint ¶¶ 23 and 27.)

Plaintiff seeks: to dissolve the defendant corporation; to rescind the mortgage agreement; to impose sanctions upon all defendants pursuant to ERISA; an accounting; an order setting aside all transactions between plaintiff's plan and defendants' corporation; reimbursement of monies forwarded to defendant corporation; payment of outstanding debts pursuant to the mortgage agreement; and a refund of lost profits.

Plaintiff filed a second lawsuit (92-7129) some two years after the initial suit, again alleging that he brought this suit on behalf of an "employee benefit pension plan within the meaning of section 3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A)." (Complaint ¶¶ 1 and 2.) Plaintiff again seeks rescission of the agreement and repayment of investment funds, in addition to damages for lost profits, plus interest, costs and fees.

Plaintiff, in this second action, again contends that defendant Regan was an employee of the plan, responsible for the conduct of investments and administration; and that the defendant Williams was an employee responsible for counseling the plan concerning investments and administration. (Complaint ¶¶ 7 and 9.) Plaintiff clearly alleges that the defendants Regan and Williams were in a fiduciary relationship with the plain-

tiff's pension plan. Defendant Welch was hired to assist in the administration and investment of pension plan funds. (Complaint ¶ 15.) Plaintiff alleges in this action that the defendants Regan, Williams and Welch collusively induced the plaintiff to sign certain contracts and to transfer $644,030.58 from the pension plan to an investment in nine entities, among which was defendant, Intrepid I Services Inc. (Complaint ¶¶ 17-20.) Plaintiff alleges that Williams and Welch never advised that they were officers, directors and controlling shareholders in Intrepid I Services Inc., or that defendant Williams would receive a commission for the foregoing investment, which was to be shared with defendants Regan and Welch. (Complaint ¶¶ 16-17.) Plaintiff alleges that the investments were not performing as represented by defendants and that in June 1990, plaintiff received notice that one of the nine entities had filed in bankruptcy. (Complaint ¶ 22.)

The Christian Medical Center Defined Benefit Pension Plan provides for the appointment of a trustee and administrator to assure that the plan is operated in accordance with ERISA. (Article II, section 2.3(a); p. 15.)[3] The plan provides for the assignment and delegation of administrative authority and allows administrators to be appointed. (Article II, section 2.4; p. 16.) The administrator or trustee, the plaintiff here, with the consent of the administrator, may appoint "counsel, specialists, advisors and other persons as the administrator or the trustee deems necessary or desirable in connection with the administration of this plan." (Article II, section 2.8; pp. 18-19.) The trustee has the respon-

---

3. The Christian Medical Center Defined Benefit Pension Plan may be found as Appendix "A" to plaintiff's answer to defendants' preliminary objections in this record.

sibility, under the plan, "to invest, manage and control the plan assets subject to the direction of an investment manager if the trustee should appoint such. ... " (Article VII, section 7.1(a); p. 58.) The trustee has the power to "employ suitable agents and counsel." (Article VII, section 7.3(j); p. 61.) The funds of the plan are to be used for the exclusive benefit of plan participants, retired participants or their beneficiaries. (Article XI, section 11.6; p. 74.) Fiduciaries named pursuant to this plan include the employer, the administrator, and the trustee, with the employer having sole authority to designate and remove the trustee, administrator and any investment manager. (Article XI, section 11.12; p. 76.)

Defendants prior to trial filed a motion to dismiss these actions for lack of subject matter jurisdiction because of federal pre-emption pursuant to ERISA, 29 U.S.C. §§1132(a)(1)(B) and 1132(e)(1). Lack of subject matter jurisdiction is a nonwaivable defense. Pa.R.C.P. 1032(b); *Shields v. C.D. Johnson Marine Service,* 342 Pa. Super. 501, 493 A.2d 701 (1985). Such a motion may be raised at any time. *International Longshoremens' Association v. Davis,* 476 U.S. 380, 106 S.Ct. 1904 (1986). Defendants argue that plaintiff's claim is not one for pension plan *benefits* under ERISA, §1132(a)(1)(B), but rather is an action brought by the trustee of a pension plan governed by ERISA alleging *injury to the fund,* and as such is subject to ERISA, §1132(e)(1), and that such claims must be resolved pursuant to ERISA in the federal court system. This court agreed. *Arber v. Equitable Beneficial Life Insurance Co.,* 848 F. Supp. 1204 (E.D. Pa. 1994); *Carr v. Malcolm & Riley, P.C.,* 1991 U.S. Dist. LEXIS 5683 (E.D. Pa.), *aff'd,* 947 F.2d 931 (3rd Cir. 1991); *Shields v. C.D. Johnson Marine Service, supra.*

Plaintiff's statement of matters complained of on appeal (pursuant to Pa.R.A.P. 1925(b)) essentially contends that his actions are founded in common law, include a prayer for equitable relief, and thus are properly in a state court.[4] This court, however, must initially determine whether it has the power to hear this controversy and such is a condition precedent to any determination as to whether or not the court may or should grant the relief requested. Thus, determining whether or not this court has the power to grant the relief requested will not resolve the jurisdictional issue of federal preemption. *Commonwealth Department of Public Welfare v. Court of Common Pleas of Philadelphia County,* 506 Pa. 410, 485 A.2d 755 (1984). Plaintiff clearly pleads that defendants are fiduciaries under this plan, and under ERISA, even though now plaintiff seems to contend the contrary in his statement of matters complained of on appeal.[5] It is clear that plaintiff not only alleges that defendants Regan, Williams and Welch were fiduciaries under this plan, but also that plaintiff had the power to appoint them as administrators, investment managers, counselors or advisors under the plan. *Arber*

---

4. Liability for breach of fiduciary duty is governed by 29 U.S.C. §1109(a) which states that "Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. ..."

5. See plaintiff's statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) in each case. It is noted that plaintiff has not raised an issue concerning the allegations that ERISA was violated.

*v. Equitable Beneficial Life Insurance Co., supra.* Plaintiff's allegations also clearly allege injury to the pension plan and not to any particular individual. *Carr v. Malcolm & Riley, supra.* Plaintiff has made no allegation which, pursuant to ERISA, would give rise to concurrent state and federal jurisdiction since he has not made a claim for benefits as a participant or beneficiary, nor has plaintiff claimed to be attempting to enforce or to clarify rights of such persons. *Shields v. C.D. Johnson Marine Service, supra; Carr v. Malcolm & Riley, supra;* 29 U.S.C. §1132(a)(1)(B).[6] Liability for the breach of fiduciary duty is governed by ERISA §1109 (29 U.S.C. §1109). A fair reading of plaintiff's pleadings clearly presents causes of action falling within the exclusive jurisdiction of the United States district courts pursuant to ERISA's §1132(e)(1) which provides:

"1132. Civil Enforcement ...

"(e) Jurisdiction

"(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, of fiduciary. State courts of competent jurisdiction and district courts of the United States

---

6. ERISA provides:

"1132. Civil Enforcement

"(a) Persons empowered to bring a civil action.

"A civil action may be brought—

"(1) by a participant or beneficiary— ...

"(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; ...

"(2) by the secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title; ..." 29 U.S.C. §1132(a)(1)(B) and 1132(a)(2).

shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section." (Subsection (a)(1)(B) is hereinabove set forth in fn. 6 beginning on page 443.)

"Fiduciary" as used in ERISA is discussed in *Arber v. Equitable Beneficial Life Insurance Co., supra,* which held that one is a "fiduciary" pursuant to 29 U.S.C. 1002(21)(A): "... with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." *Arber v. Equitable Beneficial Life Insurance Co., supra* at 1212.

Further, pursuant to 29 U.S.C. §1102(a), that court observed that:

"(1) Every employee benefit plan shall be established and maintained pursuant to a written instrument. Such instrument shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan.

"(2) For purposes of this subchapter, the term 'named fiduciary' means a fiduciary who is named in the plan instrument, or who, pursuant to a procedure specified in the plan, is identified as fiduciary (A) by a person who is an employer or employee organization with respect to the plan or (B) by such an employer and such an employee organization acting jointly." *Arber v. Equitable Beneficial Life Insurance Co., supra* at 1212.

Thus, the district court concluded that one is a fiduciary to the extent that he or she exercises discretion over the management of assets, renders investment advice for a fee, or exercises discretionary control over the administration of a plan. The issue of when is one a fiduciary under ERISA resolves itself upon a determination of whether the alleged breach of fiduciary duty occurred when the party in question possessed or exercised decision-making authority as regards the wrongs alleged by a plaintiff. The statute provides, as noted, that one is a fiduciary when vested with discretionary authority or control with respect to a plan's management, asset distribution, asset administration or renders investment advice. *(Arber v. Equitable Beneficial Life Insurance Co., supra* at 1214.)

Plaintiff's complaints repeatedly allege that defendants Regan, Williams and Welch were responsible for the administration and investment of the plan's assets, and that they rendered investment advice concerning those assets. That conduct by defendants, plaintiff alleges, caused harm to the plan. Such renders the defendants Regan, Williams and Welch fiduciaries pursuant to the foregoing analysis. See *Arber v. Equitable Beneficial Life Insurance Co., supra.*

The law of this Commonwealth provides that ERISA, 29 U.S.C. §1132(e)(1), confers jurisdiction upon state courts to determine actions brought under 29 U.S.C. §1132(a)(1)(B); or to hear those actions brought to recover benefits due under the terms of an employee benefit plan. ERISA does *not* confer jurisdiction upon state courts to determine actions brought under 29 U.S.C. §1132(a)(2) which includes actions against fiduciaries for a breach of their duties as defined by section 1109 of ERISA. Exclusive jurisdiction for the latter action lies in the United States District Court.

446

*Goldberg v. Caplan,* 277 Pa. Super. 47, 419 A.2d 653 (1980). State courts are pre-empted from regulating or controlling employee benefit pension plans. *Goldberg v. Caplan, supra; Lukus v. Westinghouse Electric Corporation,* 276 Pa. Super. 232, 419 A.2d 431 (1980); *Smith v. Crowder Jr. Co.,* 280 Pa. Super. 626, 421 A.2d 1107 (1980); *Arber v. Equitable Beneficial Life Insurance Co., supra.*

It is for the foregoing reasons that this court granted defendants' motion to dismiss plaintiff's complaints, and, it is respectfully submitted, that no error was committed in so doing.