**INLAND EMPIRE CHAPTER OF ASSOCIATED GENERAL CONTRACTORS OF AMERICA, a non-profit Washington Corporation; Associated General Contractors of Washington, a non-profit Washington Corporation; Associated Builders and Contractors of Western Washington, a non-profit Washington Corporation; Washington Aggregates and Concrete Association, a non-profit Washington Corporation; Panco Construction, Inc., a Washington Corpora-**

---

4. This has since been replaced by § 19042.

tion; Shea Construction, a Washington Corporation, Plaintiffs–Appellants,

v.

Joseph A. DEAR, Director, Department of Labor and Industries of the State of Washington; State of Washington, et al., Defendants–Appellees,

and

Washington State Building and Construction Trades Council; Spokane Area Electrical Joint Apprenticeship and Training Committee; Inland Empire Plumber, Steamfitter, Refrigeration Fitter Joint Apprenticeship Training Committee, et al., Intervenors.

No. 93–36022.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 1994.

Submission Deferred Aug. 15, 1994.

Resubmitted June 29, 1995.

Decided Feb. 21, 1996.

Jeff B. Kray, Assistant Attorney General, Office of the Attorney General, Olympia, Washington, for defendants-appellees.

William G. Jeffery, Jeffery, Ferring & Jenkel, Seattle, Washington, for plaintiffs-appellants.

Richard H. Robblee, Hafer, Price, Rinehart & Robblee, Seattle, Washington, for intervenors-appellees.

Before: ALARCON, BEEZER and KLEINFELD, Circuit Judges.

Opinion by Judge Kleinfeld.

KLEINFELD, Circuit Judge:

We apply our recent decision in *Dillingham Const. N.A., Inc. v. County of Sonoma*, 57 F.3d 712 (9th Cir.1995), *cert. granted*, — U.S. ——, 116 S.Ct. 1415, — L.Ed.2d —— (1996), to a similar Washington regulatory scheme.

## FACTS

Plaintiffs are associations of construction contractors and a school. They sponsor training programs, in the nature of apprenticeships, for carpenters and other craftsmen. The trainees are paid less than journeymen's wages.

The State of Washington has a "Little Davis–Bacon Act," requiring that workers on state public works construction projects must receive the "prevailing rate." RCW 39.12.020. There is an exception for apprentices, who can be paid the prevailing rate for apprentices in the trade. RCW 39.12.021. That is the provision the contractors want to take advantage of with their training program. But the exception operates only if the apprenticeship program has been approved by the state apprenticeship council. *Id.* If the apprenticeship program is not state approved, then the apprentices have to be paid as much as "a fully qualified journey level worker." *Id.*

The training programs at issue are approved by the United States Department of Labor, Employment and Training Administration, Bureau of Apprenticeship and Training. Federal law provides, in the Fitzgerald Act, for the Secretary of Labor to "bring together employers and labor for the formulation of programs of apprenticeship," and to "cooperate with State agencies engaged in the formulation and promotion of standards of apprenticeship." 29 U.S.C. § 50. Federal Davis–Bacon regulations permit paying less than the prevailing wage to apprentices and trainees in programs registered with the federal Bureau of Apprenticeship and Training, or with a state apprenticeship agency recognized by the federal bureau. 29 C.F.R. § 5.5(a)(4).

The programs are not approved by the Washington state council. After an unsuccessful effort in 1987, plaintiffs have not sought state approval again. The practical effect of the lack of state approval is that plaintiffs do not employ trainees on state public works projects. They have to pay journeymen's wages, so they employ journeymen. In addition, employer contributions to the contractor-sponsored trainee programs are not counted as "usual benefits" for purposes of a Washington regulation, WAC 296–127–014, because the programs are not approved by the state council.

Plaintiffs brought an action seeking declaratory and injunctive relief against Washington and its Department of Labor and Industries. They claim that (1) the state provisions denying the exemption from the state little Davis–Bacon Act and "usual benefits" provision only for state-registered apprenticeship programs are preempted by ERISA; (2) the state little Davis–Bacon Act is itself preempted by the federal Davis–Bacon Act, 40 U.S.C. § 276a *et seq.*, for public works projects funded jointly by state and federal authorities; (3) the state administrative provisions violate state law. The Washington State Building

and Construction Trades Council, a group of labor unions and state-registered apprenticeship programs, intervened on the side of the state. The district court denied Inland Empire's first two claims, holding that preemption did not apply to the laws and regulations at issue, and declined to exercise supplemental jurisdiction over the state-law claims.

## ANALYSIS

Submission of this case was deferred, pending our decision in *Dillingham Const. N.A., Inc. v. County of Sonoma,* 57 F.3d 712 (9th Cir.1995), *cert. granted,* —— U.S. ——, 116 S.Ct. 1415, —— L.Ed.2d —— (1996). Now that *Dillingham* has been decided, it controls the outcome of Inland Empire's ERISA preemption claim. The Washington scheme here is indistinguishable from the California scheme we examined in *Dillingham.* The Washington prevailing wage law and "usual benefits" regulation are preempted by ERISA.

 The district court's finding of no preemption is a legal question reviewed *de novo. Aloha Airlines, Inc. v. Ahue,* 12 F.3d 1498, 1500 (9th Cir.1993). A district court's refusal to exercise supplemental jurisdiction is reviewed for abuse of discretion. *Imagineering Inc. v. Kiewit Pacific Co.,* 976 F.2d 1303, 1309 (9th Cir.1992).

### I. Standing and Ripeness.

 The appellee State of Washington urges that this court should dismiss this appeal for lack of jurisdiction because Inland Empire does not have standing and the issue is not ripe for review. We review ripeness and standing *de novo. Gemtel Corp. v. Community Redevelopment Agency,* 23 F.3d 1542, 1545 (9th Cir.1994) (ripeness); *Barrus v. Sylvania,* 55 F.3d 468, 469 (9th Cir.1995) (standing).

This issue is controlled by our decision in *ABC National Line Erection Apprenticeship v. Aubry,* 68 F.3d 343, 345 (9th Cir.1995). There we held that the program not approved by the state "suffered direct injury due to the discouragement of unapproved programs," and that the state scheme "hampers ABC Trust's ability to receive funds from California projects." *Id.* at 346. The cases are on all fours.

The injury to plaintiffs is that the state will not allow them to put their trainees on public works projects at apprentice rather than journeyman wages. The injury is not that the state wrongfully denied their applications for approval, so ripeness is not implicated by plaintiffs' failure to seek state approval. *Cf. Gemtel Corp. v. Community Redevelopment Agency,* 23 F.3d 1542, 1545–46 (9th Cir.1994). If plaintiffs are correct about preemption, as we conclude below, then their federal approval makes it unnecessary to obtain state approval. Washington's conditioning of its apprenticeship exception to its little Davis–Bacon Act on state approval injures federally approved training programs, whether or not they could obtain state approval. *Cf. Sayles Hydro Assoc. v. Maughan,* 985 F.2d 451, 454 (9th Cir.1993). Plaintiffs should not be left to speculate whether the Washington prevailing wage scheme is preempted by ERISA. *Cf. E.P.A. v. National Crushed Stone Ass'n.,* 449 U.S. 64, 72 n. 12, 101 S.Ct. 295, 301 n. 12, 66 L.Ed.2d 268 (1980).

### II. ERISA Preemption.

 *Dillingham* controls on the preemption issue. We held in *Dillingham* that ERISA preempts such a state apprenticeship scheme. *Dillingham,* 57 F.3d at 719. We further held that the ERISA savings clause in combination with the Fitzgerald Act would not save the state scheme from ERISA preemption, *Id.* at 719–21, nor would the theory that the state was acting as a market participant in its proprietary capacity. *Id.* at 721–22.

The State of Washington and the Unions make no attempt to argue that the Washington scheme differed in any material respect from the California scheme before us in *Dillingham.*[1] Rather, they argue that *Dilling-*

1. The Washington prevailing wage statute provides:

Apprentice workers employed upon public works projects for whom an apprenticeship

*ham* was mistaken, because it was inconsistent with *New York Conference of Blue Cross v. Travelers Ins. Co.,* —— U.S. ——, 115 S.Ct. 1671, 131 L.Ed.2d 295 (1995). We have considered and rejected this argument in *ABC,* 68 F.3d at 347. We pointed out there that contractors "must find a state approved program or forego using apprentices," because of the public works bid process. *Id.,* 68 F.3d at 347. In *Travelers,* the state scheme "affect[s] only indirectly the relative prices of insurance policies," —— U.S. at ——, 115 S.Ct. at 1683, but the Washington apprenticeship scheme affects directly the practicality of federally approved apprenticeship programs not approved by the state.

*Travelers* holds that a "law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Travelers,* —— U.S. at ——, 115 S.Ct. at 1677. The Washington apprenticeship scheme does. The district court used the "purport to regulate" test from *Martori Bros. Distributors v. James–Massengale,* 781 F.2d 1349, 1356, *amended,* 791 F.2d 799 (9th Cir.1986), *overruling recognized by Fresh International Corp. v. Agricultural Labor Relations Bd.,* 805 F.2d 1353, 1357 & n. 3 (9th Cir.1986), but *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), held that the preemption inquiry is whether the state law "relates to" an employee benefit program. *Id.* at 139–42, 111 S.Ct. at 483–85. *See also Aloha Airlines,* 12 F.3d at 1504 (9th Cir.1993). *Travelers* holds that "relates to" means "if it has a connection with or reference to such a plan." *Travelers,* —— U.S. at ——, 115 S.Ct. at 1677. It is not currently the law that preemption requires that the state law purport to regulate the ERISA plan.

### III. Davis–Bacon Act Preemption.

The State of Washington also has an administrative regulation that, on public works subject to both the Davis–Bacon Act and the state little Davis–Bacon Act, a contractor must pay the higher of federal and state prevailing rates. WAC 296–127–025. Plaintiffs claim that this provision is preempted by the federal Davis–Bacon Act. The district court's dismissal of this claim appears to have depended, at least in part, on its dismissal of the ERISA preemption claim. The issues are distinct. The district court should, on remand, reconsider the Davis–Bacon preemption claim in light of our reversal of its ERISA preemption decision, if plaintiffs elect to maintain it in this lawsuit.

### IV. State Law Claims.

The district court exercised its discretion to dismiss the state law claims pursuant to 28 U.S.C. §§ 1367(c)(1), (3). Because its decision to dismiss the federal law claims was among the reasons for this exercise of discretion, the district court may revisit the issue, on remand, of whether to exercise its discretion to exercise jurisdiction over those claims.

We REVERSE the district court judgment that ERISA does not preempt application of RCW 39.12.021 and WAC 296–127–014 to Inland Empire's training programs, and hold that it does. We REMAND so that the district court may consider Inland Empire's Davis–Bacon preemption argument, and may decide whether to hear the state law claims.

---

agreement has been registered and approved with the state apprenticeship council pursuant to chapter 49.04 RCW, must be paid at least the prevailing hourly rate for an apprentice of that trade. Any worker for whom an apprenticeship agreement has not been registered and approved by the state apprenticeship council shall be considered to be a fully qualified journey level worker, and, therefore, shall be paid at the prevailing hourly rate for journey level workers.

RCW 39.12.021.

Chapter 296–127 of the Washington Administrative Code sets forth regulations with respect to

the prevailing wage statute. Under the "Usual Benefits" regulation, an employer must pay the prevailing hourly rate for journeymen, unless it also provides "usual benefit" programs, which are offset against the required prevailing wage. WAC 296–127–014. One category of "usual benefits" are apprentice training programs "approved or recognized by the Washington state apprenticeship and training counsel." WAC 296–127–014(3)(d). Training programs, such as Inland Empire's, which are not "approved or recognized," do not qualify as "usual benefits."